STATEMENT OF THE CASE
The defendant, Donald Earl Stringfellow, was convicted of first degree sodomy and was sentenced to life imprisonment. The Court of Criminal Appeals affirmed the conviction. Stringfellow, pro se, then filed a Rule 20, Ala.R.Cr.P.Temp., petition. The petition alleged that the defendant's trial counsel, who had been appointed, had been ineffective and that his ineffectiveness was demonstrated by his causing both the trial court and the jury to learn that the defendant was being investigated for a similar offense in the state of Virginia. The petition also alleged that his trial counsel had failed to call witnesses who would have provided exculpatory testimony. This petition was denied by the circuit court, without the appointment of counsel or an evidentiary hearing.
The Court of Criminal Appeals reversed and held that the two allegations of ineffective counsel cited in the Rule 20 petition were sufficient to justify a hearing. That court remanded the cause for a full evidentiary hearing.Stringfellow v. State, 520 So.2d 244 (Ala.Cr.App. 1987).
The trial court then appointed an attorney to represent the defendant and held a hearing. The trial court then denied the defendant's petition and held that the defendant had not met his burden of showing that his trial counsel was ineffective, as required by Rule 20. The trial court also refused to allow the defendant's attorney to amend the defendant's pro se Rule 20 petition. Without an opinion, the Court of Criminal Appeals affirmed. Stringfellow v. State, 550 So.2d 1095 (1989). We then issued the writ of certiorari, and by this opinion we affirm in part, reverse in part, and remand.
 ISSUES
The issues are whether the trial court erred by denying the defendant's petition regarding the charge of ineffective counsel and whether the court erred by denying defense counsel's request to amend the petition *Page 149 
that was originally filed by the defendant.
 I. Ineffective Counsel
The trial court made the following rulings on the issue of ineffective counsel:
 "1. Representation of the Defendant by his court appointed counsel, James Cox, was not inadequate. Said attorney is experienced in the practice of criminal law, having tried between 75-100 cases in his seven years of practice.
 "2. Defendant has not met his burden of proof as required by Rule 20.3, Alabama Rules of Criminal Procedure, in seeking to establish inadequacy of counsel."
At the Rule 20 hearing, the defendant's trial counsel admitted that the grandmother of the victim had told him that, after trial, the child admitted to both her mother and her grandmother that she had lied about what the defendant had done. However, he testified that he was not informed of this until a few days after the sentencing hearing. Trial counsel also testified that after the defendant had been sentenced, but before the time limit for filing an appeal had expired, he discussed the possibility of an appeal with the defendant's mother-in-law, but that the mother-in-law subsequently informed him that she had retained another attorney for the appeal.
In order to establish a showing of ineffective counsel, a criminal defendant must show that trial counsel "made errors so serious that counsel was not functioning as the 'counsel guaranteed the defendant by the Sixth Amendment.' " He must also show that this deficient performance prejudiced his case.Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,2064, 80 L.Ed.2d 674 (1984).
The evidence before the trial court was conflicting. The defendant's trial counsel insisted that he was not aware of the victim's exculpatory statements prior to the sentencing hearing and that prior to the expiration of the time for appeal the defendant had hired another attorney. Several witnesses testifying for the defendant stated that trial counsel was aware of the statements prior to sentencing. The record, however, does not shed any light on when trial counsel was made aware of the statements.
When alleging ineffective counsel, a criminal defendant bears a substantial burden:
 "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."
Strickland, at 689, 104 S.Ct. at 2065.
Because the record and the briefs do not clarify the issue of when trial counsel learned of the victim's alleged statements, we conclude that the defendant did not meet the burden ofStrickland and, accordingly, we affirm the trial court's ruling with regard to allegations of ineffective counsel.
 II. Amendment of the petition
In the amended Rule 20 petition, the defendant's attorney alleges, inter alia, the following: that the mother and grandmother of the victim took the victim to the district attorney's office so that the child could recant her testimony; that after talking to the child alone, the district attorney returned and told the adults that the child was sticking by her story; that the district attorney told them that the child would not be allowed to leave with them; and that any further action taken by the women would result in their arrest.
Rule 20.7(b), A.R.Crim.P.Temp., states that the trial courtmay allow the petitioner to amend the proceedings at any point prior to the entry of judgment. Leave to amend a Rule 20 petition is to be "freely granted." Rule 20.7(d). However, the trial court, in its discretion, may deny the petition to amend if it determines that the petition is "not sufficiently specific, is precluded, or fails to state a claim, or that no material issue of fact or law exists" that would allow relief. Rule 20.7(d). *Page 150 
The allegations of prosecutorial misconduct contained in the present amended petition do not fall into any of these categories. Thus, we are faced with a question of first impression as it relates to Rule 20.7(d): Should counsel who has been appointed after a defendant has filed a pro se Rule 20 petition be allowed to amend the petition prior to the hearing?
We believe that that portion of 20.7(d) stating that "[l]eave to amend shall be freely granted" should be accorded particular significance. By allowing the defendant the ability to freely amend the petition, we protect the unknowledgable defendant who files a pro se petition and then has counsel appointed prior to the hearing.
In the present case, the defendant alleged that his trial counsel was ineffective. After the petition was filed, but prior to the hearing, his newly appointed counsel raised, for the first time, allegations of prosecutorial misconduct. If the allegations were proved to be true, then the defendant could conceivably establish that his due process rights and his right to a fair trial had been violated.
Accordingly, we hold that appointed counsel should have been allowed to amend the defendant's petition prior to the hearing. It is important to emphasize that this opinion in no way diminishes the trial court's discretion to deny frivolous amendments. However, we believe that an attorney who is appointed after a defendant has filed a pro se petition should be allowed to amend the petition prior to the hearing if a legitimate issue arises that differs in substance from the allegations made by the defendant in the original petition. Therefore, we affirm in part, reverse in part, and remand the case to the trial court for proceedings not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.