**Joe Billy TOLES, Plaintiff–Appellant,**

v.

**Mr. C.E. JONES (Warden) and the Attorney General of the State of Alabama, Defendants–Appellees.**

No. 88–7400.

United States Court of Appeals,
Eleventh Circuit.

Jan. 27, 1992.

Michael L. Waldman, Fried, Frank, Harris, Shriver & Jacobson, Washington, D.C., for plaintiff-appellant.

Stacey S. Houston, Asst. Atty. Gen., PCR Section, Montgomery, Ala., for defendants-appellees.

Before TJOFLAT, Chief Judge, FAY, KRAVITCH, HATCHETT, ANDERSON, EDMONDSON, COX, BIRCH and DUBINA, Circuit Judges, and HILL*, Senior Circuit Judge.

## PER CURIAM:

After this case was argued to the *en banc* court, the Supreme Court decided *Coleman v. Thompson*, — U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), holding that ineffective assistance of counsel in state collateral review proceedings could not constitute "cause" excusing a procedural default.

The issue that justified consideration of this case by the entire court has now been decided by the Supreme Court. The other issues in the case, while important to the litigants, are not issues of a kind justifying consideration by the court *en banc*. *See* 11th Cir.R. 35–3. It is, therefore,

ORDERED that the order that this case be reheard *en banc*, 905 F.2d 346, is RESCINDED and the panel opinion, 888 F.2d 95, is REINSTATED.

TJOFLAT, Chief Judge, dissenting in which KRAVITCH and ANDERSON, Circuit Judges, join:

As the court properly observes, in its per curiam opinion, we took this case en banc to consider a question the Supreme Court has now decided, in *Coleman v. Thompson*, — U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Given this development, and the supposed absence of any other issue worthy of en banc consideration, *see* Fed.R.App.P. 35(a), the court concludes that our order taking the case en banc should be vacated and the panel opinion reinstated. I dissent because an issue worthy of the full court's consideration still remains.

The panel refused to consider petitioner's ineffective assistance of trial counsel claim on the ground that he had procedurally defaulted that claim. According to the panel, petitioner committed a procedural default when he failed to raise the claim in his petition to the Alabama courts for a writ of error coram nobis; that is, were he now to present the claim to the Alabama courts in a new petition, they would invoke their "successive petition" rule, Ala.Temp. R.Crim.P. 20.2(b), and refuse to adjudicate the claim.[1]

The panel's application of Alabama's successive petition rule to bar its consideration of petitioner's ineffective assistance claim, which, I believe, is clearly meritorious, serves no legitimate state interest and, therefore, is contrary to Supreme Court teaching. *See, e.g., Henry v. Mississippi*, 379 U.S. 443, 447–48, 85 S.Ct. 564, 567, 13 L.Ed.2d 408 (1965). Given this fact and the frequency with which we are called upon, in habeas corpus cases, to apply state procedural default rules, the panel's action is, I believe, of "exceptional importance," *see* Fed.R.App.P. 35(a), and thus worthy of en banc consideration.

For simplicity, I organize my dissent as follows. Part I reviews the state court proceedings—both in the criminal prosecution and in the collateral coram nobis action (where the successive petition rule applies); part II reviews the federal habeas proceeding; and part III addresses the propriety of the panel's action.

---

* Senior U.S. Circuit Judge Hill elected to participate in this decision pursuant to 28 U.S.C. § 46(c).

1. Ala.Temp.R.Crim.P. 20, "Post Conviction Remedies," of which Rule 20.2(b) is a part, did not take effect until after Toles' coram nobis proceedings had run their course, and thus the magistrate judge and the district court, and subsequently the panel on appeal, should not have relied on the rule. Their error is of no moment, however, because Rule 20, and its subparts, constitutes merely a codification of the Alabama post conviction practice in effect at the time of Toles' coram nobis proceedings. My reference in this opinion to Rule 20 and its subparts, therefore, should be taken as a reference to the post-conviction rules applicable at the time of Toles' coram nobis proceedings.

## I.

### A.

On the evening of October 7, 1984, Joe Billy Toles, armed with a pistol, went to Josephine Butler's home in Gadsden, Alabama, looking for his girlfriend, Mrs. Butler's daughter, Anyee Butler. Toles and Anyee had been living together; she had left him and returned to live with her mother. Toles entered the house, passed through the dining room—where Josephine and two neighbors, Lorene Simpson and Ida Hale, were visiting—and went to the kitchen where he found Anyee. Toles shot Anyee twice, then returned to the dining room where he shot and killed Ida Hale. The police arrested Toles a short time later, and he confessed to the shootings.[2]

A grand jury indicted Toles for the murder of Ida Hale.[3] At trial in the state circuit court, the prosecution presented the witnesses to the shootings and Toles' confession, and rested. Toles then took the stand. His defense, as fashioned by his lawyer, was that he did not intend to harm Ida Hale; rather, he intended to shoot Josephine Butler. Thus, if the jury accepted Toles' story, it could not find him guilty of murder, only manslaughter. Pursuing this defense, Toles testified that he intended to shoot, and kill, Josephine Butler, not Ida Hale.

After resting Toles' defense, Toles' attorney moved the court for a judgment of acquittal; the court denied the motion. His attorney then requested the court to instruct the jury that if it found that Toles shot Ida Hale by mistake, intending to kill Josephine Butler instead, it would have to find him not guilty of murder. The court denied counsel's request; it instructed the jury that Toles could be found guilty of murdering Ida Hale even if he only intended to kill Josephine Butler. The jury found Toles guilty of murder, and the court sentenced him to life imprisonment with no chance for parole.[4]

Toles, still represented by trial counsel, appealed, contending that the trial court had misapplied the Alabama statute, Ala. Code § 13A–6–2(a)(1) (1982), under which he had been charged.[5] Toles argued that since the State had charged him with intentionally killing Ida Hale, it had to prove that he intended to kill her, not Josephine Butler; the State, he contended, had not satisfied its burden of proof on this issue. The court of criminal appeals rejected his argument out of hand, concluding that, under the Alabama statute, the State merely had to show that Toles intended to kill a human being; since Toles testified that he intended to kill Josephine Butler, the evidence clearly was sufficient to support his conviction. *Toles v. State*, 484 So.2d 512, 515 (Ala.Crim.App.1985).

### B.

On November 17, 1986, after the Alabama Supreme Court denied Toles certiorari review, he petitioned the state trial court for a writ of error coram nobis. Toles' pro se petition presented the same sufficiency of the evidence challenge he had raised on appeal; it also challenged the trial court's

---

**2.** I draw my recitation of the historical facts in this case from the opinion handed down by the Alabama Court of Criminal Appeals affirming petitioner's conviction for murder. *Toles v. State*, 484 So.2d 512 (Ala.Crim.App.1985). The State did not attach the transcript of petitioner's trial, or any portion thereof, to its answer to petitioner's habeas petition; nor did it indicate what portions of petitioner's trial had been recorded and transcribed. *See Rules Governing Section 2254 Cases in the United States District Courts,* Habeas Corpus Rule 5 (effective February 1, 1977). Consequently, a transcript of petitioner's trial was not made available to the magistrate judge and the district court when they reached the decision now before us.

**3.** Toles did not kill Anyee Butler. In a separate indictment, which is not pertinent here, the grand jury charged Toles with the assault on Anyee Butler.

**4.** The court imposed this sentence under Alabama's habitual offender statute, Ala.Code § 13A–5–9 (1982).

**5.** Section 13A–6–2(a)(1) of the Alabama Code provides that "[a] person commits the crime of murder if ... [w]ith intent to cause the death of another person, he causes the death of that person or of another person." Toles also challenged the trial court's application of the Alabama habitual offender statute. The court of criminal appeals found this challenge meritless.

evidentiary rulings with respect to evidence (which Toles presumably sought to introduce) indicating that Toles had not intended to kill Ida Hale.[6] The State moved to dismiss Toles' petition.[7] While the motion was pending, Toles, still proceeding pro se, amended his petition. In his amendment, Toles claimed that he had shot Anyee Butler and Ida Hale in "a sudden heat of reaction" and thus lacked the intent required for a conviction of murder (as opposed to the lesser offense of manslaughter). In support of his claim, Toles proffered the following evidence, none of which had been introduced at trial. According to Toles, on the day before the shootings, Anyee Butler left the house she shared with Toles, leaving him a note that told him that their relationship was over and that she was returning to live with her mother. When Anyee moved, she took Toles' car, she took the furnishings from his house, and she stole some of his money—money that he had entrusted to her to make his child support payment. When Toles read Anyee's note, he proceeded to the Butler home to ask Anyee why she had left him—and also to encourage her to return—but when he arrived, Anyee and her family threatened and verbally abused him. He then returned to his home, only to discover that Anyee had taken the money on deposit at the utility company, which had cut off Toles' power. Toles, in a fit of anger, went back to Anyee's house, where he shot Anyee and Ida Hale.

Toles did not cite any law to support his claim that the omission of this proffered evidence at trial entitled him to coram nobis relief; he simply contended that he should have a chance, at a new trial, to present this evidence to a jury. Toles also claimed, in his amended petition, that he

was mentally impaired when he gave his confession, implying that his confession should not have been admitted into evidence. Again, he did not explain the nature of any state- or federal-law error that may have occurred.

The court heard argument concerning Toles' petition on March 9, 1987. William Willard, whom the court had appointed, represented Toles at the hearing. The court began the hearing by noting that Toles' challenges, in his original petition, to the sufficiency of the evidence and the trial court's evidentiary rulings could not be raised in a coram nobis proceeding because they were cognizable on direct appeal from his conviction.[8] The court next turned to Toles' attack on his confession, which he had raised in his amended petition. The court noted that Toles could have questioned, on appeal, the trial court's decision to admit his confession into evidence, but had not; therefore, absent new evidence that he could not have discovered at trial, or proof that his trial attorney had been ineffective in challenging his confession, a coram nobis proceeding could provide him no relief. Toles had no such new evidence, and his petition did not explicitly allege that his attorney had been ineffective; accordingly, the court announced that it would not address the validity of his confession.

Having disposed of this claim, the court turned to Toles' claim, also in the amendment to his petition, that he killed in a heat of passion, implying that he was guilty, at most, of manslaughter, not murder. Willard informed the court that Toles' trial attorney had not presented these facts to the jury; had he done so, Willard argued, the jury would have found Toles guilty of manslaughter instead of murder.[9] The

---

**6.** Toles also claimed that the State should not have held him in custody for 30 days after his arrest without a preliminary hearing.

**7.** The State moved for dismissal on several grounds, among others: that Toles failed to state a claim upon which relief could be granted; that his claims were not proper issues for a coram nobis proceeding; that he failed to set forth facts showing the substantiality of his claims; that his allegations were "vague, indefininte [sic], uncertain, confusing, completely

unintelligible and frivolous"; that his claims were "unreasonable, false or unplausible [sic]"; and that his petition was "contrary to law."

**8.** The court also observed that Toles' challenge to the timeliness of his preliminary hearing was cognizable on direct appeal.

**9.** This argument assumes that, in addition to establishing that Toles had killed in a heat of passion, Toles' attorney would have requested

court stated that a coram nobis proceeding was not the place for presenting evidence that could have been adduced at trial and announced that it intended to grant the State's motion to dismiss the petition. Willard urged the court to hear the evidence, stating that "we are prepared to offer testimony to support the facts that Mr. Toles alleges." The court replied that it understood Willard's position, but that it would "go[ ] by [Toles'] own pleadings," which contained no allegation that Toles' failure to present the proffered evidence at trial was due to his attorney's error.[10] "[R]eading [from] his pleadings [i.e., Toles' petition and its amendment]," the court said, "the State's Motion to Dismiss is due to be granted." The court thereupon granted the motion.[11]

Toles appealed. His sole assignment of error concerned his trial attorney's performance in not presenting evidence that would have proven his innocence of the crime of murder (as opposed to manslaughter). Toles contended that his attorney made little, if any, attempt "to substantiate [his] version of events on the day of the crime, and ... to subpoena witnesses to

assist in the establishment of some defense." Toles asked the court of criminal appeals to "reverse the order of the Trial Judge denying [his] right to an evidentiary hearing," and to remand the case so that he could present "new evidence ... prov[ing] his innocence" of the charge of murder—evidence that his trial attorney should have presented to the jury and that his new attorney had been "ready and able" to produce at the coram nobis hearing. The State, in response, contended that the trial court correctly "refused to hear any evidence conerning [sic] the ineffective[ness] ... of counsel" because Toles had "not presented [the issue] in [his pro se] pleadings." According to the State, the trial judge was not obliged sua sponte to amend Toles' pleadings to conform to the proffer Toles made at the hearing; thus, the court acted within its discretion in refusing to consider the proffer and in holding Toles strictly to the averments in his petition. The dismissal of the petition was therefore "due to be affirmed."[12] The court of appeals affirmed the trial court's decision summarily, without opinion.

---

the trial judge to instruct the jury on manslaughter as well as murder. (At trial, Toles' attorney did not request a manslaughter instruction, and the court did not give one on its own initiative.)

**10.** When faced with counsel's request to present such evidence, which Toles' trial attorney had neglected to introduce at trial, the coram nobis court had three options: (1) it could have allowed him to amend his petition—to conform to the evidence he had proffered and was ready to present at the hearing—and thus to assert a claim of ineffective assistance of trial counsel, *see* Ala.Temp.R.Crim.P. 20.7(b) ("Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment"); (2) it could have granted Toles leave to file a new amended petition (and to assert this claim), giving him a brief continuance to do so, *see id.; id.* Temp.R. 20.7(d) ("Leave to amend shall be freely granted."); or (3) it could have dismissed the petition without prejudice. The court rejected the first two options. I draw this conclusion from a reading of the hearing transcript; the court seemed intent on holding Toles strictly to the express allegations of his petition, as amended. Whether the court pursued the third option is open to question: the court dismissed the case (on the State's motion, *see supra* note 7), without indicating whether the dismis-

sal was with or without prejudice, on Toles' "own pleadings," which contained no explicit allegation that Toles' failure to present the proffered evidence at trial was due to the ineffective assistance of counsel.

**11.** The court did not indicate the ground(s) of the State's motion to dismiss, *see supra* note 7, on which it based its ruling. The court could have dismissed Toles' petition because, as the State alleged in its motion to dismiss, it was vague, indefinite, uncertain, confusing, and completely unintelligible. *See supra* note 7, *infra* note 23. Assuming that it dismissed Toles' petition for failure to state a claim for relief, the court necessarily accepted as true the facts Toles proffered in his amendment to the petition, indicating that he killed Ida Hale in a moment of rage. In that Toles failed in his amendment explicitly to allege that these facts were not presented at trial because his trial attorney was constitutionally ineffective, a failure the court noted more than once during the hearing, we assume that the court considered these facts irrelevant.

**12.** The State, in its brief, did not indicate the ground(s) on which it thought the coram nobis court had dismissed Toles' petition. *See supra* notes 7 and 11, *infra* note 23.

## II.

On November 27, 1987, Toles, proceeding pro se, brought a petition for a writ of habeas corpus in the federal district court pursuant to 28 U.S.C. § 2254 (1988). He presented three claims. First, he claimed that his conviction was obtained by use of a coerced confession; he alleged that, at the time he gave his confession, he "was under the influence of drugs, ... had not slept for 48 hours or more, and ... was suffering from V.D. as well as being under emotional stress." Second, Toles claimed that the State obtained his conviction by violating his privilege against self-incrimination; his "counsel [was not] present and [he was] in the condition ... stated above." Third, he claimed that his trial counsel had been constitutionally ineffective; in Toles' words, "[my] [a]ttorney failed to get my case together, wuch [sic] as evidence in my behalf. Also, [he] failed to file motion [sic] that would have helped. I didn't have a preliminary hearing. He didn't ask for one or a motion of discovery hearing. My counsel was inadequate."

Upon receipt of the petition, the magistrate judge to whom the case had been assigned entered an order to show cause, in which he directed the State to file an answer that would "set out in detail what efforts have been made by the petitioner to exhaust state remedies, wherein he has failed to exhaust state remedies, the state remedies available to him, the general procedure to be used to exhaust such state remedies and the appropriate courts in which such remedies may be exhausted." In its answer, the State asserted that Toles had procedurally defaulted his first two claims—by not presenting them to the Alabama Court of Criminal Appeals on direct appeal from his conviction—and that the state courts would, therefore, no longer entertain them. Accordingly, these claims should be considered exhausted. Toles' third claim, alleging ineffective assistance of counsel, however, was not exhausted. According to the State, Toles attempted to

present evidence in support of a part of this claim—evidence concerning his state of mind at the time of the offense and, later, at the time of his statement to the police— at the hearing on his petition for coram nobis relief, but the court refused to entertain the evidence because Toles had not, in his petition or in its amendment, stated explicitly that his attorney had rendered him ineffective assistance. The State represented that, if Toles filed a new petition, the court would hear it. Furthermore, the court would hear the portions of Toles' ineffective assistance claim that he had not raised at the previous coram nobis hearing, i.e., counsel's failure "to file various motions and request a preliminary hearing." Because Toles' petition presented both exhausted and unexhausted claims, the State, citing *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), asked the district court to dismiss the petition without prejudice—to give the state coram nobis court an opportunity to conduct an evidentiary hearing on Toles' ineffective assistance of counsel claim.

On receiving the State's answer to Toles' petition, the magistrate judge entered an order announcing that he would treat the answer "as a motion for summary judgment," and he gave Toles twenty days to respond.[13] In his order, the magistrate judge did not explain how the State's answer could be treated as a motion for summary judgment on the merits of Toles' claims. As noted, the State had asked the court to dismiss Toles' petition, pursuant to *Rose v. Lundy*, because it contained both exhausted and unexhausted claims; in short, the State was not seeking a dispositive order denying Toles relief on the merits. Fairly construed, then, the magistrate judge's order asked Toles to show cause why the State's request that the petition be dismissed should not be granted.

Toles, responding to the magistrate judge's order, urged the court not to dismiss his petition and require him to present his ineffective assistance claim to the Ala-

---

**13.** The magistrate judge also gave petitioner an explanation of the summary judgment procedure established by Fed.R.Civ.P. 56.

bama coram nobis court, but to entertain his petition on the merits.[14] Toles contended that he should not be required to return to the coram nobis court, as the State requested, for two reasons. First, the court had refused to consider his ineffective assistance claim earlier, when he tried to present it, and the court, therefore, ought not to be given another opportunity to litigate it. Second, if the district court dismissed his petition, so that he could present the claim to the state court again, and he subsequently returned to the district court, the court might dismiss his petition as successive under Habeas Corpus Rule 9(b). To avoid this risk, Toles urged the court to hear his claim on the merits. Toles also asked the court to appoint an attorney to assist him with his petition.

The magistrate judge ignored both the State's request that the petition be dismissed pursuant to *Rose* and Toles' requests that the district court retain jurisdiction and litigate his claims on the merits and that counsel be appointed to represent him. Instead, the magistrate judge treated the State's request for dismissal as having been withdrawn and replaced by a request that the district court entertain Toles' petition and deny relief—but not on the merits. That is, the magistrate judge considered the State to have alleged—contrary to the express allegations of its answer to Toles' petition—that Toles had procedurally defaulted his ineffective assistance claim. Specifically, the magistrate judge concluded that Alabama's successive petition rule, Ala.Temp.R.Crim.P. 20.2(b), clearly would bar the coram nobis court from entertaining on the merits Toles' ineffective assistance claim.[15]

Having decided that Toles had defaulted all of his claims—by failing to adhere to Alabama's procedural rules—the magistrate judge turned to the question whether Toles had shown cause and resulting prejudice for the defaults.[16] Noting that Toles had not pled cause and prejudice in his petition, the magistrate judge concluded that there remained "no genuine issue as to any material fact" and that Toles was entitled to no relief. Accordingly, in his report to the district court, the magistrate judge recommended that the court dismiss Toles' petition with prejudice.[17] Toles objected to

---

**14.** Toles acknowledged that he had procedurally defaulted his first two claims—challenging the validity of his confession—and, consequently, that they were exhausted; he sought to avoid these defaults by claiming, as cause, the ineffective assistance of his attorney at trial and on appeal.

**15.** Under Rule 20.2(b), a petitioner's failure to raise a claim in his first error coram nobis petition ordinarily bars its consideration in a subsequent petition. The rule states:

> The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained *through* reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.

Ala.Temp.R.Crim.P. 20.2(b) (effective Apr. 1, 1987).

**16.** If a state prisoner is barred by procedural default from litigating a *constitutional claim in* state court, he is also barred from litigating that claim in a federal habeas proceeding unless he can show adequate cause for and actual prejudice from the default. *See Engle v. Issac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

**17.** In his report to the district court, the magistrate judge, without benefit of the transcript of Toles' trial but referring to what had taken place at the trial, concluded that Toles could not demonstrate cause and prejudice to excuse his procedural default.

> Since Toles would be barred from raising this issue in a successive [Ala.Temp. R.Crim.P.] 20 petition, he is barred from raising it here, absent the requisite "cause" and "prejudice." Toles has alleged neither cause nor prejudice for his failure to timely raise this issue, therefore, he has procedurally defaulted on the claim. Clearly, at the time of trial, Toles was aware of his state of mind at the time his statement was given [to the police]. He sat through a trial in which the circumstances surrounding the statement, including the factors showing its voluntary nature, were discussed. For him to suggest now that he was not aware that his statement was required to be voluntary is farfetched at best. (Citations omitted.)

As the relevant portion (quoted above) of the magistrate judge's report reveals, the magistrate judge overlooked Toles' claim that his trial attorney had rendered ineffective assistance by

the magistrate judge's recommendation; he contended that the magistrate judge erred in concluding that Alabama's successive petition rule barred his ineffective assistance of counsel claim.[18] Toles argued that he had presented the claim to the state circuit court at the hearing on his coram nobis petition, but that the court refused to hear it; under these circumstances, he said, there could be no procedural default.

The district court overruled Toles' objection, giving no reasons for its ruling, adopted the magistrate judge's recommendation in full, and dismissed Toles' petition with prejudice. Toles now appeals the district court's dismissal of his habeas petition.

### III.

In his briefs to the panel and, subsequently, to the en banc court, Toles presents alternative arguments—both in support of his claim that his trial attorney rendered ineffective assistance in failing to pursue the theory that he killed Ida Hale in the heat of passion and thus could not be guilty of murder. Toles' first argument is that the district court erred in applying Alabama's successive petition rule, Ala. Temp.R.Crim.P. 20.2(b), to bar consideration of this claim. His alternative argument concedes that Rule 20.2(b) forecloses the litigation of his ineffective assistance claim in the state courts and asks that we nonetheless consider the claim because he has cause for his procedural default and resulting prejudice. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The cause is that his coram nobis lawyer negligently failed to

present his claim to the coram nobis court in a proper, and seasonable, fashion; the prejudice is that, had trial counsel developed the heat-of-passion theory, the court would have instructed the jury on the lesser included offense of manslaughter and Toles would have been convicted of that offense instead of murder. The Supreme Court's recent decision in *Coleman v. Thompson* has foreclosed this argument; consequently, the only issue for us to decide is whether Alabama's successive petition rule prevents us from hearing Toles' ineffective assistance claim on the merits. To me, the answer is that it does not. I reach this conclusion because the enforcement of the rule on the procedural facts of this case would not vindicate the state interests the rule serves.

*Henry v. Mississippi*, 379 U.S. at 447–48, 85 S.Ct. at 567, instructs a federal habeas court to inquire whether its enforcement of a state procedural default rule would serve the underlying state interests for the rule; "[i]f it does not, the state procedural rule ought not be permitted to bar vindication of important federal rights," *id.* at 448, 85 S.Ct. at 567, such as the Sixth and Fourteenth Amendment rights in this case. States adopt successive petition rules to protect a variety of legitimate state interests. First, a successive petition rule forces the petitioner to bring all of his claims in one proceeding, thereby preventing the piecemeal litigation of his claims and promoting the finality of state court judgments. *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).[19] Second, in forcing the petitioner

failing to pursue the theory that Toles had killed in a heat of passion and thus was guilty of manslaughter, not murder. Whether Toles defaulted this claim, i.e., whether the Alabama courts would now refuse to hear it, is, however, the question the magistrate judge, himself, had raised. Inexplicably, he ignored this question, focusing instead on whether trial counsel was derelict in dealing with Toles' statement to the police.

**18.** Toles did not object, however, to the magistrate judge's sua sponte invocation of the successive petition rule. As noted in the text, Toles had no notice that the magistrate judge was considering the rule's application until he re-

ceived the magistrate judge's report to the district court in the mail. Nor did Toles, in his objection to the magistrate judge's recommendation that the petition be dismissed with prejudice, urge the district court to dismiss the petition without prejudice under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), as the State had requested, to enable him to present his ineffective assistance claim to the Alabama coram nobis courts.

**19.** "Nothing in the traditions of [state or federal] habeas corpus requires ... courts to tolerate needless piecemeal litigation, to entertain collateral proceedings whose only purpose is to vex,

to bring all of his claims together, a successive petition rule makes for a better quality of justice, i.e., obtaining both a more efficient and more accurate determination of petitioner's claims, in the state courts and subsequently (with respect to his constitutional claims) in federal habeas courts, as a consequence of the fuller and fairer adjudication of the merits. *See Murray v. Carrier,* 477 U.S. 478, 491–92, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986). Moreover, the prospect of federal-court enforcement of the state procedural bar forces the petitioner to approach his day in state court more seriously. *Sykes,* 433 U.S. at 90, 97 S.Ct. at 2508 (1977). Finally, the successive petition rule's mandate to bring all claims together in the one proceeding vindicates the important comity interest of state-court definition and protection of state prisoners' federal rights. *See Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).[20]

I am convinced that in the instant case the reasons for invoking Alabama's successive petition rule are not present. First, Toles made a good faith attempt to present his ineffective assistance claim to the state circuit court at the evidentiary hearing on his coram nobis petition.[21] He had witnesses present and ready to testify in support of his claim. Thus, Toles cannot be said to have deliberately withheld his ineffective assistance claim for strategic purposes, on the chance he might have better success if he brought the claim in a subsequent petition (assuming that he could finesse Rule 20.2(b)'s prohibitions) or bypassed the state courts altogether for a supposedly more favorable federal forum. Second, it is clear both from the State's brief to the Alabama Court of Criminal Appeals in Toles' coram nobis appeal and its answer to his habeas petition in the district court that

the State understood Toles to have presented, albeit unartfully, his ineffective assistance of trial counsel claim to the coram nobis court. In its brief to the court of criminal appeals, the State, acknowledging that Toles had tried to litigate that claim at the coram nobis hearing, argued that the court properly refused to consider the claim because Toles had "not presented [the issue] in [his pro se] pleadings." Later, when it answered his federal habeas petition, the State acknowledged, once again, that Toles had attempted to litigate his ineffectiveness claim at the coram nobis hearing. The answer asserted that

> [Toles] attempted to assert an ineffective assistance of counsel claim[ ] at the [evidentiary] hearing but the trial court refused to hear any evidence on this claim since it had not been presented in [Toles'] error coram nobis petition. Based solely on [Toles'] pleadings, the trial court denied [Toles'] writ of error coram nobis.

In sum, the State has made it abundantly clear throughout Toles' collateral attacks on his conviction that he did not attempt to abuse the State's judicial process by litigating his claims piecemeal; instead, he did all that he could—except to incant the words "ineffective assistance of counsel" in the amendment he filed to his coram nobis petition—to have all of his claims disposed of in state court at one hearing. Finally, Toles did nothing to delay the finality of his conviction. Alabama's interests in preventing piecemeal litigation and delay are, therefore, not implicated in this case.

In truth, if anyone impeded the policies served by Alabama's successive petition rule, it was the coram nobis judge. He knew full well what Toles' court-appointed attorney was driving at when counsel said that he wanted to introduce the evidence

---

harass, or delay." *Sanders,* 373 U.S. at 18, 83 S.Ct. at 1078.

**20.** State successive petition rules, along with other state procedural default rules, are valuable components of the larger concern for the complete exhaustion of state remedies within the habeas context. The complete exhaustion rule elucidated in *Rose* "protect[s] the state courts' role in the enforcement of federal law and prevent[s] disruption of state judicial pro-

ceedings." *Rose,* 455 U.S. at 518, 102 S.Ct. at 1203. By disregarding the State's request to dismiss Toles' petition so that he could exhaust his ineffective assistance claim in state court, the magistrate judge, and subsequently the district court, ignored this important point.

**21.** It should also be noted that Toles' petition was timely filed. Ala.Temp.Crim.P. Rule 20.-6(a) states that "[a] petition may be filed at any time after entry of judgment and sentence...."

that Toles' defense attorney had neglected to present to the jury at trial. The judge knew full well that Toles' trial lawyer had pursued a baseless defense and, in the process, had given the jury no alternative but to convict Toles of murder. Counsel thought, as the opinion affirming Toles' conviction makes clear, *Toles v. State,* 484 So.2d 512, 515 (Ala.Crim.App.1985), that the jury could acquit Toles if it found that he intended to kill Josephine Butler rather than Ida Hale, and so he put Toles on the stand and had him testify that such was his intent. Toles thereby made his conviction of murder a certainty, because, as the court properly charged the jury, that Toles intended to kill Butler could not excuse, much less mitigate, his killing of Hale. In short, counsel failed to recognize and develop the only defense he had—that Toles killed in a fit of anger. If the events leading up to the incident were as Toles alleges—and, given the procedural posture of the case, they must be accepted as true—then he has a good argument that he is only guilty of manslaughter, a crime the jury was precluded from considering.

Alabama's coram nobis rules, as codified in Ala.Temp.R.Crim.P. 20, "Post Conviction Remedies," *see supra* note 1, provided that pleadings could be amended at any stage prior to the entry of judgment, *see* Ala. Temp.R.Crim.P. 20.7(b) and *supra* note 10; further, they counseled the trial judges, who presided over these proceedings, that "[l]eave to amend [should] be freely granted." *See* Ala.Temp.R.Crim.P. 20.7(d) and *supra* note 10. Moreover, pro se petitions were to be construed more liberally and with greater leniency than a petition drafted by an attorney. *See, e.g., Ex Parte Stringfellow,* 565 So.2d 147, 149 (Ala.1990) ("We believe that that portion of [Rule] 20.7(d) stating that '[l]eave to amend shall be freely granted' should be accorded particular significance [in pro se proceedings]. By allowing the defendant the ability to freely amend the petition, we protect the unknowledgeable defendant who files a pro se petition....").[22] In my view, Toles' coram nobis judge acted contrary to the spirit of these rules and the policies they fostered—the inclusion of all claims, and the litigation thereof, in one proceeding. For us to hold that the circumstances of this case—where the petitioner did absolutely nothing to frustrate the State's interests in having post conviction claims litigated in one proceeding; where the Attorney General of Alabama has represented to his court of criminal appeals and to the district court below that the Alabama courts will, and should as a matter of comity and prudence, entertain Toles' ineffective assistance claim on the merits, which, I submit, is a tacit admission that the coram nobis court ignored the spirit if not the letter of its procedural rules—require us to invoke Alabama's procedural bar is to give effect to Rule 20.2(b) for its own sake and "would be to force 'resort to an arid ritual of meaningless form.'" *Henry v. Mississippi,* 379 U.S. at 449, 85 S.Ct. at 568 (1965) (quoting *Staub v. City of Baxley,* 355 U.S. 313, 320, 78 S.Ct. 277, 281, 2 L.Ed.2d 302 (1958). But this is precisely what we do today.[23] I

---

**22.** The law of this circuit also accords a pro se petition greater leniency than a petition drafted by an attorney. *See Williams v. Griswald,* 743 F.2d 1533, 1542 (11th Cir.1984) ("It is well established that the standards governing the sufficiency of ... petitions are less stringent when the petition is drafted *pro se* and without the aid of counsel.").

**23.** Nothing in the coram nobis court's order dismissing Toles' petition, the Alabama Court of Criminal Appeals' summary affirmance of that order, or Alabama jurisprudence supports the action we take today. Neither of these coram nobis dispositions even suggests, much less holds, that Rule 20.2(b) would bar as successive a new petition presenting Toles' ineffective as-

sistance of counsel claim. It may well be that the coram nobis court, in granting the State's motion to dismiss, rejected Toles' petition not on the merits but because it was "completely unintelligible." *See supra* note 7. If so, Rule 20.2(b) could not be invoked to bar a new petition; for the Rule to bar consideration of a claim, the claim (having been presented in a prior petition) must have been adjudged on the merits. *Blount v. State,* 572 So.2d 498, 500–01 (Ala.Crim.App.1990). All that the court of appeals decided, in summarily affirming the coram nobis court, was that that court had not abused its discretion in refusing to consider Toles' ineffective assistance claim.

cannot accept it and therefore dissent.[24]

---

**24.** I submit, once again, that the question of whether a state's successive petition rule should be enforced under the circumstances presented here is plainly en banc worthy. Also deserving of the full court's consideration is the question of whether the panel, acting sua sponte, should have remanded the case to the district court with instructions to dismiss Toles' petition. Given (1) the State's request, in its answer to Toles' petition, that the case be dismissed to permit Toles to exhaust his ineffective assistance claim in the state courts and (2) the cogent arguments against the enforcement of the successive petition rule on the facts of this case, *Rose v. Lundy* required the district court to dismiss Toles' petition. The precise question for the panel was whether, notwithstanding Toles' failure to raise the *Rose v. Lundy* issue on appeal, to require the district court to dismiss the case without prejudice.