The plaintiff, James M. Black III, appeals from a summary judgment entered in favor of the defendants, Baptist Medical Center, Montgomery ("BMC") and a number *Page 1088 
of professional associations, physicians, and nurses,[1] in Black's action filed pursuant to Ala. Code 1975, §§ 6-5-480 et seq., the Alabama Medical Liability Act. The only issue presented is whether Black's action was properly commenced within two years of the alleged act, omission, or failure that gave rise to his claims, as required by Ala. Code 1975, §6-5-482.
The acts complained of by Black allegedly occurred on November 15 or November 18, 1985, while he was a patient at BMC. An attorney licensed to practice law in Florida, Kenneth W. Mastrilli, submitted a complaint to the circuit court on Black's behalf on November 12, 1987, within the statutory period of limitations. However, Mastrilli was not licensed to practice law in Alabama and had not been admitted pro hac vice
at the time the complaint was submitted. As a result, the defendants moved for summary judgment, arguing that Black's complaint had not been properly filed within the applicable statute of limitations. Mastrilli was notified of a hearing date that was set for that motion, but he did not appear. The defendants' motion was granted, and Black appeals.
The procedure for authorizing a nonresident attorney to appear in an Alabama court pro hac vice is set out in Rule VII, Rules Governing Admission to the Alabama State Bar:
 "Any member of the Bar of another State or jurisdiction actually engaged in any cause or matter pending in any court of this State, may be permitted by such court to appear in and conduct such cause or matter while retaining his/her residence in another State without being subject generally to the rules regarding admission to the Bar of this State, provided that he/she first be introduced and recommended to such court by a member of the Board of Commissioners of the Alabama State Bar, such introduction and recommendation to be either in person or by a written communication, otherwise such attorney may not appear as an attorney in any court of this State."
(Emphasis added.)
Although Mastrilli did submit, along with Black's complaint, a motion to appear pro hac vice, that motion was not accompanied by a letter of introduction and recommendation to the circuit court from a member of the Board of Commissioners of the Alabama State Bar. Nor did a member of the board personally introduce and recommend Mastrilli to the court. Therefore, the motion did not comply with the requirements of Rule VII, and Mastrilli was not authorized to practice law in Alabama at the time he submitted Black's complaint. Herndon v.Lee, 281 Ala. 61, 199 So.2d 74 (1967); Paul v. State,48 Ala. App. 396, 265 So.2d 180 (Ala.Crim.App.), cert. denied,288 Ala. 747, 265 So.2d 185 (1972). As a result of Mastrilli's failure to comply with the mandatory language of Rule VII, the complaint was a nullity and Black's action was not commenced within the applicable statute of limitations.
We note that an attorney licensed to practice law in Alabama filed a notice of appearance on Black's behalf on January 8, 1988, approximately two months after the statute of limitations had expired. That appearance did not cure the ineffective filing of Black's complaint. That licensed attorney later withdrew from the case.[2] In addition, Mastrilli finally submitted a letter of introduction and recommendation to the court from a member of the Board of Commissioners, as required by Rule VII, on May 16, 1988, approximately six months after the statutory limitations period had expired. However, neither of those events can be considered to "relate back" to the date on which Mastrilli originally filed his motion, and they cannot revive Black's action. A plaintiff's failure to properly commence an action within the time prescribed by the legislature is, as a general rule, *Page 1089 
fatal to his suit, and no court should excuse his delay.Plant v. R.L. Reid, Inc., 294 Ala. 155, 313 So.2d 518 (1975).
Finally, Black argues that his case should not have been disposed of because his attorney failed to adhere to "a minor[,] technical[,] local rule of court." He contends that such a result would be unfair. While this Court sympathizes with Black's predicament, we do not agree with his characterization of Rule VII. The regulation of the admission of attorneys to practice before Alabama courts is a matter of great concern to the State and to this Court. Rules effecting such regulation cannot be considered minor. In addition, Rule VII is neither hypertechnical nor overburdensome; it sets out a fair procedure for ensuring that only properly qualified attorneys in good standing represent clients in our courts. Finally, we note that Florida, the state in which Mastrilli is licensed, has a rule similar to our Rule VII. See Article 2, subdivision 2, Integration Rules of the Florida Bar.
Because Black failed to properly commence his action within the applicable two-year period of limitations, the trial court correctly entered the defendants' summary judgment. That judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] Black's complaint named BMC, 12 professional associations, 13 physicians, and 4 registered nurses as defendants. Some of those defendants were voluntarily dismissed. Because this appeal involves only a procedural issue, those defendants will not be listed.
[2] A second Florida attorney has attempted to join Mastrilli as co-counsel, but despite his filing of a motion to appear prohac vice, has made no other effort to comply with Rule VII.