BOLIN, Justice.
We granted certiorari review to determine whether the Court of Criminal Appeals properly dismissed Jarrod Taylor’s appeal from the denial of his Rule 32, Ala. R.Crim. P., petition attacking his capital-murder conviction and death sentence, because the notice of appeal was signed by a foreign attorney who purportedly had not been admitted to practice law in Alabama under the rules of the Alabama State Bar governing admission of foreign attorneys pro hac vice. Taylor v. State (No. CR-05- *123 0066, May 10, 2006), 978 So.2d 76 (Ala.Crim. App. 2006)(table).
Taylor was indicted on four counts of capital murder. Count one charged Taylor with intentionally causing the deaths of Sherry Gaston, Bruce Gaston, and Steve Dyas, pursuant to one scheme or course of conduct, see § 13A-5-40(a)(10), Ala.Code 1975. Counts two, three, and four charged Taylor with the capital offense of the murder of each of the three victims during the course of a robbery, see § 13A-5-40(a)(2). The jury found Taylor guilty of all four counts of capital murder. The jury recommended, by a vote of 7-5, that Taylor be sentenced to life imprisonment without the possibility of parole. The trial court overrode the jury’s recommendation and sentenced Taylor to death. The Court of Criminal Appeals affirmed the conviction and the sentence of death. Taylor v. State, 808 So.2d 1148 (Ala.Crim.App.2000). This Court granted Taylor’s petition for certiorari review and subsequently affirmed the judgment of the Court of Criminal Appeals. Ex parte Taylor, 808 So.2d 1215 (Ala.2001). The United States Supreme Court denied Taylor’s petition for a writ of certiorari. Taylor v. Alabama, 534 U.S. 1086, 122 S.Ct. 824, 151 L.Ed.2d 705 (2002).
On July 31, 2002, A1 Pennington, an Alabama attorney, timely filed a petition pursuant to Rule 32, Ala. R.Crim. P., challenging certain aspects of Taylor’s conviction and sentence. According to the case-action summary, on August 30, 2002, Pennington submitted to the Alabama State Bar and to the Mobile Circuit Court applications for admission to the Alabama State Bar pro hac vice on behalf of New York attorneys Andrew Tauber, Monica J. Stamm, John D. Totorella, Jennifer R. Sandman, and Theodore V. Wells. The case-action summary indicates that on September 9, 2002, the clerk of the circuit court entered the following notation: “Admission to practice under Rule VII of the rules governing admission to the Alabama State Bar — Granted.” On November 4, 2002, the State moved to dismiss certain claims in Taylor’s Rule 32 petition.
At a hearing regarding Taylor’s Rule 32 petition on February 28, 2003, the following exchange occurred between the trial judge and Andrew Tauber, one of the New York attorneys:
“THE COURT: Okay. The in forma pauperis declaration, the Court is — will show it’s granted and a free transcript is ordered of these proceedings.
“MR. TAUBER: Thank you very much, Your Honor. And I must confess now, my ignorance of Alabama procedure, I don’t know whether we need to formally move to be appointed together, in conjunction with, or separately from Mr. Pennington as counsel, I’m just throwing myself on the Court with my ignorance.
“THE COURT: Well, it’s my understanding that — I mean, when you was— the pro hac vice was previously approved by this Court, you are co-counsel with Mr. Pennington.
“MR. TAUBER: Okay. Very good. I just want to make sure we dot every ‘i.’
“THE COURT: Now, grant[ed], I know Mr. Pennington is not present and requested to be excused, but I don’t think, and the State can correct me if I’m wrong, I don’t think I can relieve Mr. Pennington from the case, because we must still have a licensed attorney from the State of Alabama.
“MR. TAUBER: I’m not asking that he be relieved, I just wanted to make sure that we are in good standing with this Court.
“THE COURT: Yes, sir. Yes, sir. All the paperwork has been filed with the Alabama State Bar and — so we are *124 procedurally in correct order as it relates to your representation of the defendant in these proceedings.”
On May 5, 2008, Taylor filed an amended Rule 32 petition. On October 23, 2003, the trial court granted the State’s motion for dismissal of certain claims in Taylor’s Rule 32 petition. The other claims in Taylor’s Rule 32 petition remained pending. On February 2, 2004, the State filed a motion stating that two of Taylor’s claims should not have been dismissed based on the recently released case of Ex parte Gardner, 898 So.2d 690 (Ala.2004). On February 11, 2004, the trial court held a hearing and set aside its previous order dismissing the two claims based on Gardner and allowed discovery on those two claims. On July 28, 2005, the State submitted to the trial court a proposed order stating that the court’s order of partial dismissal entered on October 23, 2003, completely disposed of Taylor’s Rule 32 petition. On August 1, 2005, the trial court signed the State’s proposed order.
On September 9, 2005, Taylor timely filed a notice of appeal with the trial court. The notice of appeal was signed by New York attorney Theodore Wells and on behalf of Alabama attorney A1 Pennington. The notice was sent to the Court of Criminal Appeals.
On January 4, 2006, the Court of Criminal Appeals entered the following order:
“After [Taylor v. State of Alabama ] was docketed, the circuit clerk filed an amended transmittal of the notice of appeal wherein Attorney Theodore V. Wells, Jr., was added as counsel for the appellant. Because Attorney Wells is not an attorney with a general license to practice law in the State of Alabama, he was asked to furnish the clerk of this Court proof of his admission by the trial court to appear pro hac vice and to certify whether or not that admission had been rescinded. Although Attorney Wells’s response was initially accepted as adequate, a question has now arisen as to whether or not Attorney Wells has ever been admitted to practice before the trial court pro hac vice in compliance with Rule VII of the Rules Governing Admission to the Alabama State Bar. Additionally, this Court has conferred with the Alabama State Bar and was informed that there is no order on file granting an application by Attorney Wells for admission pro hac vice.[1]
“Upon consideration of the above, the Court of Criminal Appeals orders that Theodore V. Wells, Jr., shall be removed as counsel of record for the appellant in the above cause until this Court receives proof of his admission by the trial court pursuant to Rule VII or until proper application is made to this Court pursuant to that rule and he is subsequently admitted by this Court.”
*125 On January 5, 2006, the State moved the Court of Criminal Appeals to dismiss Taylor’s appeal on the ground that Attorney Wells was not admitted pro hac vice in the Mobile Circuit Court. The Court of Criminal Appeals remanded the case to the trial court for clarification as to whether Attorney Wells had been granted pro hac vice status.[2] The Court of Criminal Appeals’ order provides, in pertinent part:
“The State has moved that we dismiss this appeal because the notice of appeal was signed by an attorney who had not been admitted to practice law in Alabama. Because of discrepancies in the record we remanded this case to the circuit court for that court to clarify whether attorney Theodore Wells, an attorney licensed in the State of New York, had been granted pro hac vice status to practice law in the State of Alabama. The circuit court has filed its return with this Court.
“The circuit court’s order on remand states:
“ ‘On August 1, 2005, this Court entered its final order summarily dismissing Petitioner Jarrod Taylor’s corrected first amended Rule 32 petition. On September 9, 2005, Jarrod Taylor, through Foreign Attorney Theodore V. Wells, Jr., filed his notice of appeal.
“ ‘On March 9, 2006, the Alabama Court of Criminal Appeals entered an order remanding Taylor’s case to this Court with instructions “to clarify whether Wells’s request for pro hac vice status was granted and, if so, when it was granted. Due return should be filed within 45 days from the date of this order.” This Court now enters this order on remand to comply with the appellate court’s directive.
“ ‘Upon thorough consideration and review of the record and the pleadings that have been filed by Petitioner Taylor and State of Alabama, this Court finds that it did not admit Foreign Attorney Theodore V. Wells, Jr., to represent Jarrod Taylor pro hac vice in this matter. So to answer the Alabama Court of Criminal Appeals’ question, Foreign Attorney Theodore V. Wells, Jr., was not admitted pro hac vice to represent Jarrod Taylor during his Rule 32 proceedings in this Court.’
“(Emphasis added.) Both parties have filed responses to the circuit court’s order on remand.
“In this case, the notice of appeal was signed by one individual, Theodore Wells, an attorney who had not been granted pro hac vice status — an attorney who was not ... admitted to practice law in the State of Alabama. The Alabama Supreme Court in Black v. Baptist Medical Center, 575 So.2d 1087, 1089 (Ala.1991), held that any documents filed by a foreign attorney who has not been granted pro hac vice status are a nullity. Accordingly, the notice of appeal filed in this case is a legal nullity. Because no effective notice of appeal was filed, this case is due to be dismissed. Rule 4, Ala. R.App. P.
“Taylor’s remedy, if any, is to file a petition for postconviction relief pursuant to Rule 32.1(f), Ala. R.Crim. P., as amended effective June 1, 2005, seeking an out-of-time appeal from the denial of his Rule 32 petition.
“It is hereby ordered that this appeal is due to be, and is hereby, dismissed.”
*126 Taylor filed a petition for a writ of cer-tiorari with this Court.

Analysis

Rule 3(a), Ala. R.App. P., provides that a notice of appeal shall be filed within the time allowed by Rule 4, Ala. R.App. P. Rule 3(c) sets the form and content of a notice of appeal. The notice of appeal, filed within the time period prescribed by Rule 4, “shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.” Rule 3(c), Ala. R.App. P. Rule 3 is intended to provide a uniform and simplified method for taking an appeal and to ensure that effective notice of appeal is given. The opposing party should be notified that an appeal' has been taken from a specific judgment in a particular case. The only jurisdictional requirement for an appeal is the timely filing of a notice of appeal. Edmondson v. Blakey, 341 So.2d 481 (Ala.1976). “Timely filing of the notice of appeal is a jurisdictional act. It is the only step in the appellate process which is jurisdictional.” Committee Comments to Rule 3, Ala. R.App. P.
“The spirit of the [Alabama Rules of Appellate Procedure] is recognized and restated to insure the just, speedy and inexpensive determination of every appellate proceeding on its merits. The only jurisdictional requirement rule in the entire rules is the timely filing of the notice of appeal. Nothing in the rules is designed to catch the unwary on technicalities. Jones v. Chaney & James Constr. Co., [399 F.2d 84 (5th Cir.1968) ]. A simple statement indicating what judgments the appellant appeals from is all that is required.”
Edmondson, 341 So.2d at 484.
Rules 3(e), Ala. R.App. P., provides that each notice of appeal be accompanied by a docketing statement. The docketing statements are Form 24 (an appeal to the Supreme Court), Form 25 (an appeal to the Court of Civil Appeals), or Form 26 (an appeal to the Court of Criminal Appeals), appended to the Alabama Rules of Appellate Procedure. Although no signature is required on the notice of appeal under Rule 3(c), a signature is required on the docketing statement, as set out in Rule 3(e). Rule 3(e) goes on to provide that if the notice of appeal is not accompanied by a docketing statement,
“the clerk shall accept the notice of appeal and shall inform the person filing it of the requirements of this rule, and the appellant, or, if the appellant is represented by counsel, then the appellant’s attorney, shall promptly file a properly completed docketing statement. The clerk of the trial court, when serving the notice of appeal as specified in this rule, shall attach thereto a copy of the docketing statement, if available. If, on the date the notice of appeal is served, the docketing statement is not available, it shall be served on those persons on whom the notice of appeal was served as soon as it becomes available. For the failure to comply with the requirements of this rule, the appellate court in which the appeal is pending may make such orders as are just, including an order staying the proceedings until the docketing statement is filed or, after proper notice, an order dismissing the appeal; and, in lieu of any orders or, in addition to any orders, the court may treat the failure to comply with the requirement' of this rule as contempt of court.”
As stated above, there is no requirement under Rule 3, Ala. R.App. P., that the notice of appeal contain a signature. However, Rule 25A, Ala. R.App. P., provides:
*127 “Every brief, motion, or other paper presented to an appellate court for filing must be signed by at least one attorney of record or, in a case in which a party is proceeding pro se, by the party. The brief, motion, or other paper must include the signer’s address and telephone number. Unless a rule or statute provides otherwise, a brief, motion, or other paper need not be verified or accompanied by an affidavit.
“The court shall strike an unsigned brief motion, or other paper unless the omission is promptly corrected after it is called to the attention of the attorney or party filing it. The signature requirement is to be interpreted broadly, and the attorney of record may designate another attorney to sign the brief, motion, or other paper for him or her. When a party is represented by more than one counsel and counsel reside in different locations, it is not necessary to incur the expense of sending the brief, motion, or other paper from one person to another for multiple signatures. If a brief, motion, or other paper is filed electronically, an electronic signature is an original signature under this rule.”
(Emphasis added.)
In the present case, Taylor’s notice of appeal specifies that Taylor is appealing; it designates the trial court’s August 1, 2005, order as the order appealed from; and it names the Court of Criminal Appeals as the court to which the appeal is taken. The only defect complained of by the State and relied upon by the Court of Criminal Appeals in dismissing Taylor’s appeal is that the notice of appeal was signed by a foreign attorney who allegedly had not been admitted to practice in Alabama pro hac vice.
Before 2006, Rule VII of the Rules Governing Admission to the Alabama State Bar required an out-of-state attorney wishing to appear pro hac vice in a court in the State of Alabama to file a verified application for admission to practice in the court where the action was pending and to serve a copy of that application with a filing fee in the amount of $100 on the Alabama State Bar. Rule VII(D). Once a copy of the application and the filing fee were submitted to the State Bar, the Bar prepared a statement and submitted that statement to the court in which the case was pending. Rule VII(D). No pro hac vice application was granted before the statement from the State Bar had been filed with the court. Once this statement was received, the court held a hearing on the application and issued an order granting or denying the application. Rule VII(D).
Effective September 19, 2006, this Court amended Rule VII regarding pro hac vice admissions of pro bono counsel in cases involving indigent criminal defendants. The 2006 amendments omitted certain requirements for pro hac vice admissions of pro bono counsel in an effort to facilitate the provision of defense services to indigent defendants by foreign attorneys. Committee Comments to Rule VII. Rule VII(D) now provides that applications by pro bono counsel no longer need be accompanied by a filing fee and must be filed nó later than the first occasion on which the pro bono counsel files any pleading or paper with the court or otherwise personally appears. A hearing is no longer required for applicants acting as pro bono counsel, and no statement from the State Bar is required for pro bono applicants, although a copy of the verified application must still be filed with the State Bar.
It appears that the trial court’s record in the present case supports Taylor’s contention that the trial court had granted Wells’s pro hac vice application. The case-action summary indicates that Wells was *128 admitted pro hac vice in 2002, and the trial court’s statements at the hearing on February 28, 2003, indicate that Wells and several members of his firm had been so admitted. Although the Court of Criminal Appeals relied upon a 2006 statement prepared by the State and signed by the trial court, this statement appears to be incorrect. Also, the Court of Criminal Appeals’ statement that the Alabama State Bar has no order on file granting an application by Wells for admission pro hac vice conflicts with the trial court’s own docket sheet, because the trial court cannot grant pro hac vice status until it receives a statement from the Alabama State Bar. Certainly, the State would have objected.in 2002 had the trial court failed to receive a statement as then required under Rule VII(D) and the trial court had nonetheless granted Wells’s pro hac vice application.
Even if we assume that Wells was not properly admitted to practice pro hac vice in Taylor’s case, our caselaw indicates that a notice of appeal, even if technically deficient, is valid if “the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice.” Edmondson, 341 So.2d at 483. The defect on Taylor’s notice — a signature of an attorney purportedly not admitted to practice in Alabama — is not grounds for dismissal because a signature is not a jurisdictional requirement for a notice of appeal.
In Dunning v. New England Life Insurance Co., 890 So.2d 92 (Ala.2003), this Court addressed the issue whether a timely filed copy of an original notice of appeal was acceptable even though the notice had been transmitted by a facsimile machine. We stated that the only jurisdictional requirement for a notice of appeal is that the notice be timely filed and that absent a showing that the alleged defect in the notice of appeal prejudiced the adverse party, an appeal will not be dismissed on the basis of the defect. We also stated that neither the Alabama Rules of Appellate Procedure nor the Alabama Rules of Civil Procedure require that a notice of appeal bear an original signature and held that the timely filed copy of the original notice of appeal was acceptable under the Alabama Rules of Appellate Procedure.[3]
Relying on Dunning, supra, this Court in Ex parte Barrows, 892 So.2d 914 (Ala.2004), held that the filing in the circuit court of the complaint previously filed in the probate court with the word “probate” marked out and the word “circuit” inserted in its place in the style and the filing of the circuit court cover sheet constituted an adequate notice of appeal from the probate court to the circuit court.
In Ex parte Soule, 892 So.2d 879 (Ala.2004), the Court of Criminal Appeals summarily dismissed an appeal from a Rule 32, Ala. R.Crim. P., petition. In the circuit court, the Rule 32 petitioner filed a cover letter, which was in his own handwriting and signed and dated, along with a notice-of-appeal form from the circuit court. The notice-of-appeal form was not signed by the petitioner but was completed in the petitioner’s own handwriting. We reversed the judgment of the Court of Criminal Appeals dismissing the appeal, stating:
“This Court has stated that ‘even' where the notice of appeal fails to comply with Rule 3(c),’ Ala. R.App. P., appeal can still lie if ‘the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice.’ Edmondson v. Blakey, 341 So.2d 481, 483 (Ala.1976). The docu- *129 merits [the petitioner] filed are sufficient to invoke appellate jurisdiction under Rule 3. The Court of Criminal Appeals could reasonably infer from [the petitioner’s] request to the clerk in the cov-’ er letter to ‘please file this notice of appeal of Rule 32 to the Alabama Court of Criminal Appeals’ [the petitioner’s] intent to appeal. That court could also ascertain from the information the petitioner included on the notice-of-appeal form and the cover letter the judgment [the petitioner] was appealing, the date of the judgment, the date of the filing, and the date of [the petitioner’s] conviction.”
892 So.2d at 881.
In McLin v. State, 840 So.2d 937 (Ala.Crim.App.2002), the defendant sought postconviction relief from his first-degree-burglary conviction. The trial court denied the petition. The defendant appealed, and the Court of Criminal Appeals dismissed the appeal without an opinion, on the grounds that the defendant had failed to perfect his appeal because the defendant filed only the docketing statement and neither he nor his counsel had signed that form. However, the Court of Criminal Appeals granted McLin’s application for rehearing, holding that the notice of appeal was sufficient. On rehearing, the Court of Criminal Appeals issued an opinion, in which it stated:
“There is no express requirement in the Alabama Rules of Appellate Procedure that a notice of appeal filed in a criminal case be signed by the appealing party or by his or her counsel. Certainly Rules 3(a)(2) and 3(c) contain no such requirement. Both the rules[2] and the caselaw interpreting the rules indicate that the only jurisdictional prerequisite to an appeal to this Court is the timely filing of the notice of appeal, and both state and federal caselaw suggest that appellate rules should be liberally construed so as not to ‘catch the unwary on-technicalities.’ Edmondson [v. Blakey], 341 So.2d [481,] 483 [ (Ala.1976) ]. Based on the plain language of Rule 3(c) and the caselaw cited above, we hold that a notice of appeal does not have to be signed by an appellant or by his or her attorney. Jurisdiction vests with this Court when a notice of appeal that substantially complies with the requirements of Rule 3(c), Ala. R.App. P., is timely filed.
840 So.2d at 941-42.
Our caselaw concerning defects in notices of appeal is consistent with the case-law of the United States Supreme Court. In Becker v. Montgomery, 532 U.S. 757, 121 S.Ct. 1801,149 L.Ed.2d 983 (2001), the United States Supreme Court addressed the question whether “ “when a party files a timely notice of appeal in district court, ... the failure to sign the notice of appeal require[s] the court of appeals to dismiss the appeal.’ ” 532 U.S. at 760. Becker, an inmate proceeding pro se, had timely filed his notice of appeal, on which he had typewritten, but not signed, his name. The *130 United States Court of Appeals for the Sixth Circuit dismissed Becker’s appeal on the ground that Becker’s failure to sign his notice of appeal was jurisdictional “and therefore not curable outside the time allowed to file the notice.” 532 U.S. at 760. The Supreme Court held that Rule 11, Fed. R. Civ. P., requires a signature on the notice of appeal. However, the failure to sign a timely filed notice of appeal was curable. “[I]mperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court.” 532 U.S. at 767.
Rule 3, Fed. R.App. P., is similar to Rule 3, Ala. R.App. P. In addressing the Federal Rules of Appellate Procedure, Federal Practice and Procedure notes that “[t]he signature and address of the appellant’s attorney should [be included], but failure to sign the notice should not defeat the appeal.” Charles Alan Wright et al., Federal Practice and Procedure § 3949.4 (3d ed.1999). “The great hallmark of Rule 3, both in its language as amended over the years and in the construction the courts have put upon it, is liberality. The rulemakers and the judges have wanted to be sure that a possibly meritorious appeal is not denied its day in court because the appellant — or more often the appellant’s lawyer — has left some i undotted or some t uncrossed.” Wright et al., § 3949.6.
In the present case, any purported defect in having Wells sign the notice of appeal is not grounds for the dismissal of Taylor’s appeal. Taylor’s notice of appeal notifies the appellate court of the appeal and notifies opposing counsel that he is taking an appeal. Rule 25A, Ala. RApp. P., provides that an unsigned brief, motion, or other paper presented to an appellate court for filing can be corrected. Furthermore, the State has not shown any prejudice caused by Wells’s signature on the notice of appeal. The State did not even object to Wells’s pro hac vice representation of Taylor until 2005, even though Wells began representing Taylor in 2002.
The Court of Criminal Appeals relies solely on Black v. Baptist Medical Center, 575 So.2d 1087 (Ala.1991), in dismissing Taylor’s appeal. In Black, an out-of-state attorney, who was neither licensed to practice law in the State of Alabama nor admitted pro hac vice, filed a complaint against a hospital on behalf of a patient. The trial court concluded that the complaint was untimely filed, and this Court agreed. Although the attorney did submit, along with the complaint, a motion to appear pro hac vice, that motion was not accompanied by a letter of introduction and recommendation to the circuit court from a member of the Board of Commissioners of the Alabama State Bar. Nor did a member of the board personally introduce and recommend the attorney to the court. Therefore, the motion did not comply with the requirements of Rule VII. Approximately two months after the statute of limitations had run, an attorney who was licensed to practice law in Alabama filed a notice of appearance on the patient’s behalf. However, this Court held that this did not cure the ineffective filing by the out-of-state attorney.
Black is distinguishable from the present case because Black involved a complaint, and, pursuant to Rule 11, Ala. R. Civ. P., a complaint must be signed by at least one of the party’s attorneys of record, and the attorney’s signature means that the attorney has read the complaint, that to the best of his or her knowledge there are good grounds to support it, and that it is not interposed for delay.[4] As *131 stated above, the only jurisdictional requirement of a notice of appeal is its timely filing. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order, or part thereof appealed from; and shall name the court to which the appeal is taken. Taylor’s notice of appeal meets these requirements; the only purported defect is that it is signed by Wells, who purportedly was not admitted to practice pro hac vice. We are mindful that the rules governing authorization to practice law are very important, as are the Alabama Rules of Appellate Procedure, which provide that the rules “shall be construed so as to ensure the just, speedy, and inexpensive determination of every appellate proceeding on its merits.” Rule 1, Ala. R.App. P. To dismiss Taylor’s appeal based on the peculiar facts in this case would be to elevate form over substance.

Conclusion

The Court of Criminal Appeals erred in dismissing Taylor’s appeal on the ground that Wells, who signed the notice of appeal, had not been granted pro hac vice status. Accordingly, its judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, LYONS, WOODALL, STUART, SMITH, PARKER, and MURDOCK, JJ„ concur.
COBB, C.J., recuses herself.

. The Court of Criminal Appeals’ clerk’s office contacted the Alabama State Bar regarding Attorney Wells’s pro hac vice status. An appellate court, however, may not rely on facts outside the record.
" ' "[The record] is the sole, conclusive, and unimpeachable evidence of the proceedings in the lower court. If incomplete or incorrect, amendment or correction must be sought by appropriate proceedings rather than by impeachment on the hearing in the appellate court. Accordingly, the record cannot be impeached, changed, altered, or varied on appeal by an ex parte unauthorized certificate of the trial judge or of the clerk, nor by statements of the briefs of counsel nor by affidavits or other evidence or matters dehors the record.” ’ ”
Liberty Nat’l Life Ins. Co. v. Patterson, 278 Ala. 43, 48, 175 So.2d 737, 741 (1965) (opinion on rehearing) (quoting Union Mut. Ins. Co. v. Robinson, 216 Ala. 527, 528-29, 113 So. 587, 587 (1927)); see also Ex parte Jett, 5 So.2d 640 (Ala.2007) (See, J., concurring specially).

. Both Taylor and the State filed proposed orders with Judge Herman Y. Thomas. On March 23, 2006, Judge Thomas signed the proposed order submitted by the State finding that Attorney Wells had not been admitted pro hac vice to represent Taylor.

. We likewise find no original-signature requirement in the Alabama Rules of Criminal Procedure for a notice of appeal.

“[2] Rule 2(a) provides that ‘[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court’ (emphasis added), but Rule 2(a)(2) provides that dismissal is discretionary with the appellate court if an appellant fails to timely file a brief, takes a frivolous appeal, fails to prosecute the appeal, or fails to comply substantially with the rules. The discretionary language of Rule 2(a)(2), as opposed to the mandatory language and specific reference to jurisdiction in Rule 2(a)(1), suggests that any defect in a notice of appeal, other than its timeliness, is not jurisdictional.”

. We note that although Rule 25A, Ala. R.App. P., provides a remedy when a paper filed with *131 an appellate court is not signed, this is in contrast to Rule 11, Ala. R. Civ. P., which provides that if a complaint is not signed or is signed with an intent to defeat the rule, the complaint may be stricken as though the complaint had never been served.