KELLUM, Judge.
David Dewayne Riley appeals the circuit court's denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R. Crim. P., in which he attacked his capital-murder conviction and sentence of death.
Facts and Procedural History
In 2007, Riley was convicted of murder made capital because it was committed during the course of a robbery. See § 13A-5-40(a)(2), Ala. Code 1975. The jury *295 unanimously recommended that Riley be sentenced to death for his capital-murder conviction,[1] and the trial court followed the jury's recommendation and sentenced Riley to death. On appeal, this Court reversed Riley's conviction and sentence on the ground that the trial court had erred in not instructing the jury that evidence about Riley's prior convictions could not be considered as substantive evidence of guilt but could be used only for the purpose of determining Riley's credibility as a witness. Riley v. State, 48 So.3d 671 (Ala. Crim. App. 2009) (" Riley I"). Riley was retried in 2011 and was again convicted of murder made capital because it was committed during the course of a robbery. The jury again unanimously recommended that Riley be sentenced to death, and the trial court again followed the jury's recommendation and sentenced Riley to death. This Court affirmed Riley's conviction and sentence. Riley v. State, 166 So.3d 705 (Ala. Crim. App. 2013) (" Riley II"). The Alabama Supreme Court denied certiorari review, and this Court issued a certificate of judgment on November 21, 2014. The United States Supreme Court also denied certiorari review. Riley v. Alabama, 575 U.S. ----, 135 S.Ct. 2327, 191 L.Ed.2d 991 (2015). The facts of the crime are fully set out in our opinion in Riley II and need not be repeated here.
On November 13, 2015, Riley, acting pro se, timely filed the instant Rule 32 petition, raising numerous claims of ineffective assistance of trial counsel.[2] He simultaneously filed a motion for the appointment of counsel. On November 19, 2015, the circuit court directed Riley to file an amended petition that complied with the requirements in Rule 32.6(a), Ala. R. Crim. P., specifically, to file an amended petition using the form found in the appendix to Rule 32. On November 20, 2015, the circuit court granted Riley's request for counsel and appointed counsel to represent him (hereinafter "Rule 32 counsel"). On November 23, 2015, Riley, again acting pro se, filed an amended petition; that petition included the form found in the appendix to Rule 32 and asserted the same claims as his original petition.[3] That same day, Rule 32 counsel filed a notice of appearance. On December 22, 2015, the circuit court issued an order scheduling an evidentiary hearing on Riley's petition for June 28, 2016. On December 28, 2015, the State filed an answer and a motion to dismiss Riley's petition, arguing that all of Riley's claims were either insufficiently pleaded or meritless. On December 30, 2015, the circuit court issued an order setting the State's answer and motion to dismiss for a hearing at the same time as the previously scheduled evidentiary hearing.
On June 14, 2016, Rule 32 counsel filed a motion to continue the evidentiary hearing scheduled for June 28, 2016. The circuit court granted the motion, and the evidentiary hearing was conducted on July 19, 2016. At the hearing, Rule 32 counsel presented argument regarding some of the *296 claims in Riley's petition and the parties stipulated to the contents of the record from Riley's direct appeal, but Rule 32 counsel presented no other evidence in support of the claims in Riley's petition. At the request of the State, the circuit court permitted the parties to file post-hearing briefs and/or proposed orders, and on August 29, 2016, the State filed a proposed order. At some point not readily discernible from the record, Riley secured new counsel from out-of-state to represent him pro bono (hereinafter "pro bono counsel") and on September 19, 2016, pro bono counsel filed a notice of appearance and a verified application for admission to practice law in Alabama pro hac vice as pro bono counsel for the purpose of representing Riley in the Rule 32 proceedings. The record contains no ruling by the circuit court on pro bono counsel's request for admission pro hac vice.
On September 20, 2016, Rule 32 counsel filed a motion to withdraw on the ground that Riley had secured other counsel to represent him; the circuit court denied the motion. On September 26, 2016, pro bono counsel filed a "Motion for Adequate Opportunity to Litigate Claims in Rule 32 Petition," in which pro bono counsel requested that the circuit court allow Rule 32 counsel to withdraw; continue the Rule 32 proceedings to allow pro bono counsel time to investigate, to file a second amended petition, and to request discovery; and to then allow Riley an opportunity to present evidence at a second evidentiary hearing. (C. 203.) Pro bono counsel argued in the motion that Rule 32 counsel had been ineffective in representing Riley during the Rule 32 proceedings, that a Rule 32 petitioner in Alabama is entitled to the effective assistance of counsel in Rule 32 proceedings, and that, therefore, Riley was entitled to, essentially, restart the Rule 32 proceedings with pro bono counsel representing him. Also on September 26, 2016, Rule 32 counsel filed a second motion to withdraw from representing Riley and a motion for an extension of time to file a response to the State's proposed order. On September 27, 2016, the circuit court issued an order denying pro bono counsel's motion to restart the Rule 32 proceedings, denying Rule 32 counsel's motion to withdraw, and granting Rule 32 counsel's motion for an extension of time. On October 6, 2016, Rule 32 counsel filed a response to the State's proposed order.
On October 13, 2016, the circuit court issued an order denying Riley's Rule 32 petition. The circuit court adopted by reference the findings in the State's proposed order, a copy of which the court attached to its order, and made additional findings regarding two of the claims raised in Riley's petition. The circuit court found that Riley had failed to prove his claims at the evidentiary hearing, had abandoned his claims at the evidentiary hearing by failing to present any evidence, and/or that Riley's claims were meritless. On November 14, 2016, Rule 32 counsel filed a motion to reconsider the circuit court's ruling, arguing that the circuit court had erred in denying Riley's claims of ineffective assistance of counsel, and filed a third motion to withdraw.[4] That same day, pro bono *297 counsel also filed a motion to reconsider, arguing that the circuit court had erred in adopting the State's proposed order and in not allowing Riley to amend his petition after the evidentiary hearing when, he said, Riley's Rule 32 counsel had been ineffective. The motions to reconsider were denied by operation of law the day they were filed. See Loggins v. State, 910 So.2d 146, 148-49 (Ala. Crim. App. 2005).
Standard of Review
" 'The burden of proof in a Rule 32 proceeding rests solely with the petitioner, not the State.' Davis v. State, 9 So.3d 514, 519 (Ala. Crim. App. 2006), rev'd on other grounds, 9 So.3d 537 (Ala. 2007). '[I]n a Rule 32, Ala. R. Crim. P., proceeding, the burden of proof is upon the petitioner seeking post-conviction relief to establish his grounds for relief by a preponderance of the evidence.' Wilson v. State, 644 So.2d 1326, 1328 (Ala. Crim. App. 1994). Rule 32.3, Ala. R. Crim. P., specifically provides that '[t]he petitioner shall have the burden of ... proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.' "
Wilkerson v. State, 70 So.3d 442, 451 (Ala. Crim. App. 2011).
"[W]here there are disputed facts in a postconviction proceeding and the circuit court resolves those disputed facts, '[t]he standard of review on appeal ... is whether the trial judge abused his discretion when he denied the petition.' " Boyd v. State, 913 So.2d 1113, 1122 (Ala. Crim. App. 2003) (quoting Elliott v. State, 601 So.2d 1118, 1119 (Ala. Crim. App. 1992) ). However, "[w]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001). "On direct appeal we reviewed the record for plain error; however, the plain-error standard of review does not apply to a Rule 32 proceeding attacking a death sentence." Ferguson v. State, 13 So.3d 418, 424 (Ala. Crim. App. 2008).
Analysis
I.
Riley contends that the circuit court erred in adopting verbatim the State's proposed order as its order denying his petition. (Issue IV.B. in Riley's brief.) Specifically, Riley argues that the circuit court's adoption of the State's proposed order, in and of itself, establishes that the court's order was not a product of its own independent judgment.
This issue was not properly preserved for this Court's review. Although this issue was raised in pro bono counsel's motion to reconsider, it was not raised in Rule 32 counsel's motion to reconsider. As noted above, the record contains no ruling by the circuit court on pro bono counsel's motion for admission pro hac vice. The Alabama Supreme Court has held that documents filed by a foreign attorney who has not been granted pro hac vice status are a nullity. See Black v. Baptist Med. Ctr., 575 So.2d 1087, 1089 (Ala. 1991). "The general rules of preservation apply to Rule 32 proceedings." Boyd v. State, 913 So.2d 1113, 1123 (Ala. Crim. App. 2003). See also Slaton v. State, 902 So.2d 102, 107-08 (Ala. Crim. App. 2003) (holding that claim that the circuit court erred in adopting State's proposed order was not preserved for review when it was never presented to the circuit court).
Moreover, even if this issue had been properly preserved for review, it is meritless. Contrary to Riley's belief, "Alabama courts have consistently held that even when a trial court adopts verbatim a *298 party's proposed order, the findings of fact and conclusions of law are those of the trial court and they may be reversed only if they are clearly erroneous." McGahee v. State, 885 So.2d 191, 229-30 (Ala. Crim. App. 2003). "[T]he general rule is that, where a trial court does in fact adopt the proposed order as its own, deference is owed to that order in the same measure as any other order of the trial court." Ex parte Ingram, 51 So.3d 1119, 1122 (Ala. 2010). Only "when the record before this Court clearly establishes that the order signed by the trial court denying postconviction relief is not the product of the trial court's independent judgment" will the circuit court's adoption of the State's proposed order be held erroneous. Ex parte Jenkins, 105 So.3d 1250, 1260 (Ala. 2012).
Riley points to nothing in the record that indicates that the circuit court's order was not the product of its own judgment, and, after thoroughly reviewing the record, we conclude that the circuit court's findings in this case were its own and were not merely an unexamined adoption of the proposed order submitted by the State. Unlike in Ex parte Ingram, supra, in which the circuit judge made patently erroneous statements that he had personal knowledge of the case and had " 'presided over Ingram's capital murder trial and personally observed the performance of both lawyers throughout Ingram's trial and sentencing,' " when, in fact, he had not, 51 So.3d at 1123 (citation and emphasis omitted), the circuit court's order here contains no such patently erroneous statements.[5] In addition, unlike in Ex parte Scott, 262 So.3d 1266, ---- (Ala. 2011), in which the circuit court adopted verbatim as its order the State's answer to the petition, which, "by its very nature, is adversarial and sets forth one party's position in the litigation," the court here adopted the State's proposed order, not the State's answer. Moreover, the circuit court did more than simply adopt the State's proposed order, it also made additional findings regarding two of Riley's claims.
After carefully examining the record, we find no error on the part of the circuit court in adopting the State's proposed order.
II.
Riley also contends that the circuit court erred in refusing to allow pro bono counsel an opportunity to investigate his case and to file a second amended petition on his behalf and without then conducting an evidentiary hearing on that second amended petition. (Issues I and IV.A. in Riley's brief.) This issue is also not properly before this Court for review because it was not properly raised in the circuit court. Pro bono counsel raised this issue in his "Motion for Adequate Opportunity to Litigate Claims in Rule 32 Petition" and his postjudgment motion to reconsider. However, because the record contains no ruling by the circuit court granting pro bono counsel pro hac vice status, those filings are a nullity. See Black v. Baptist Medical Center, 575 So.2d 1087, 1089 (Ala. 1991). Rule 32 counsel never raised this issue in the circuit court.
In any event, even if this issue had been properly raised in the circuit court, it is meritless. Riley makes two interrelated arguments regarding the circuit court's refusal to allow pro bono counsel an opportunity to investigate Riley's case and to file a second amended petition on his behalf and *299 to conduct an evidentiary hearing on that second amended petition. We address each in turn.
A.
First, Riley argues that the circuit court summarily dismissed his petition without an evidentiary hearing and that because pro bono counsel filed a motion to restart the proceedings and to amend the petition before the circuit court summarily dismissed the petition, there would have been no undue prejudice or undue delay in permitting pro bono counsel time to investigate and to file a second amended petition on Riley's behalf. This argument is meritless.
According to Riley, the circuit court's citations throughout its order to Rule 32.7 (d) instead of Rule 32.9 (d),[6] clearly establish that the court's order was a summary dismissal of his claims without an evidentiary hearing on the ground that his claims were not sufficiently pleaded. We have carefully examined the circuit court's order, and it is clear and unambiguous-the circuit court denied Riley's petition on the grounds that he had failed to satisfy his burden of proof, that he had abandoned his claims at the evidentiary hearing by failing to present any evidence to support them, and/or that his claims were meritless. Throughout the order, the circuit found that Riley had "failed to present any evidence," had "failed to demonstrate" ineffectiveness, or had "failed to present any witnesses." Although the circuit court did mention, when addressing one of Riley's numerous claims, that the claim was based on conclusory allegations, the court ultimately denied that claim on the ground that Riley had failed to present any evidence at the evidentiary hearing to support the claim, not on the ground that it was insufficiently pleaded. Other than this single reference to conclusory allegations, the circuit court did not otherwise mention in its order the burden of pleading or state that Riley had not pleaded sufficient facts. Contrary to Riley's apparent belief, citation errors do not alter the nature of a circuit court's findings. Despite the erroneous citations to Rule 32.7 (d), the circuit court's order was clearly an order denying Riley's petition pursuant to Rule 32.9(d).
Riley also argues that the hearing conducted on July 19, 2016, was not an evidentiary hearing because neither the State nor Rule 32 counsel presented any evidence at the hearing. The State, however, has no burden of proof in Rule 32 proceedings; therefore, its failure to present evidence at the July 19, 2016, hearing does not mean that the hearing was not an evidentiary hearing. Moreover, the fact that Rule 32 counsel presented no evidence at the hearing also does not mean that the hearing was not an evidentiary hearing. Indeed, Rule 32 counsel's failure to present evidence at the hearing is one of the grounds for Riley's argument, addressed in Part II.B. of this opinion, infra, that his Rule 32 counsel was ineffective. Riley cannot simultaneously argue that no evidentiary hearing was conducted and that Rule 32 counsel was ineffective for not presenting evidence at that evidentiary hearing. The record clearly reflects that the circuit court conducted an evidentiary hearing on Riley's petition on July 19, 2016, during which Riley was afforded the opportunity to present evidence to prove the claims in his petition.
We note that Riley's reliance on Ex parte Stringfellow, 565 So.2d 147 (Ala. 1990), is misplaced. In *300 Ex parte Stringfellow, the petitioner filed his Rule 32 petition pro se, and the circuit court subsequently appointed counsel to represent him. Before the evidentiary hearing, appointed counsel moved to amend the petition, and the circuit court denied the request. The Alabama Supreme Court held that "an attorney who is appointed after a defendant has filed a pro se petition should be allowed to amend the petition prior to the hearing if a legitimate issue arises that differs in substance from the allegations made by the defendant in the original petition." 565 So.2d at 150.
This case is markedly different from Ex parte Stringfellow. In this case, Riley filed his petition pro se and counsel was appointed to represent him. Rule 32 counsel had ample opportunity to move to amend the petition or to file an amended petition before the evidentiary hearing, but did not do so. Riley then found different counsel to represent him, and over two months after the evidentiary hearing was conducted, pro bono counsel requested, not just to amend the petition, but to effectively restart the Rule 32 proceedings so that pro bono counsel could have time to investigate, to file a second amended petition, and to request discovery. Pro bono counsel also requested that the circuit court then conduct another evidentiary hearing so that Riley could have a second opportunity to present evidence. Contrary to Riley's apparent belief, Ex parte Stringfellow does not stand for the proposition that a Rule 32 petitioner is entitled to restart the Rule 32 proceedings whenever he or she finds new representation.
"Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment," Rule 32.7(b), Ala. R. Crim. P., and "[l]eave to amend shall be freely granted." Rule 32.7(d), Ala. R. Crim. P. "[O]nly grounds such as actual prejudice or undue delay will support a trial court's refusal to allow, or to consider, an amendment to a Rule 32 petition." Ex parte Rhone, 900 So.2d 455, 458 (Ala. 2004). The Alabama Supreme Court has recognized that it would be appropriate for a circuit court to deny a motion to amend "for example, if, on the eve of an evidentiary hearing, a Rule 32 petitioner filed an amendment that included new claims of which the State had no prior notice and as to which it was not prepared to defend." Ex parte Jenkins, 972 So.2d 159, 164 (Ala. 2005). Moreover, this Court has held that it is appropriate for a circuit court to deny a motion to amend that is filed after an evidentiary hearing has been conducted. See, e.g., McWilliams v. State, 897 So.2d 437, 446-48 (Ala. Crim. App. 2004) (holding that the circuit court properly denied one of the petitioner's multiple motions to amend because it had been filed after an evidentiary hearing had been conducted), overruled on other grounds by Ex parte Jenkins, supra,[7] and Neelley v. State, 642 So.2d 494, 497 (Ala. Crim. App. 1993) (holding that the circuit court properly denied the petitioner's motion to amend filed seven months after the evidentiary hearing).
Allowing Riley to amend his petition, indeed to effectively restart the Rule 32 proceedings, after the circuit court had conducted the evidentiary hearing on Riley's petition would certainly have caused both undue delay in the proceedings and undue prejudice to the State.
*301 B.
Second, Riley argues that Rule 32 counsel was ineffective in representing him during the Rule 32 proceedings and that, therefore, the circuit court's denial of his petition, without allowing him to restart the Rule 32 proceedings with pro bono counsel representing him, denied him his constitutional rights. Relying on Montgomery v. Louisiana, 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), Riley argues that states are constitutionally obligated to provide inmates with a "meaningful opportunity" and a "meaningful forum" in which to litigate in a postconviction setting constitutional claims such as claims of ineffective assistance of counsel, and, relying on Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), he argues that "[a] state's failure to provide qualified and competent counsel to represent Rule 32 petitioners forecloses petitioners' one meaningful opportunity to litigate initial-review ineffective-assistance-of-trial-counsel claims." (Riley's brief, p. 75.) In other words, Riley argues that he was denied what he claims was his constitutional right to the effective assistance of counsel during the Rule 32 proceedings, which, in turn, denied him what he claims was his constitutional right to state postconviction review of his conviction and sentence. Riley's arguments are meritless because he was not entitled to counsel, much less the effective assistance of counsel, in his Rule 32 proceedings.
" '[T]he right to effective assistance of counsel is dependent on the right to counsel itself.' " Jackson v. State, 612 So.2d 1356, 1357 (Ala. Crim. App. 1992) (quoting Evitts v. Lucey, 469 U.S. 387, 396 n.7, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) ). "The United States Supreme Court has made it clear that neither the Eighth Amendment nor the Due Process Clause of the United States Constitution requires states to appoint counsel for inmates, including death-row inmates, who seek post-conviction relief in state courts." Ex parte Jenkins, 972 So.2d 159, 164 (Ala. 2005). See also McMillan v. State, 258 So.3d 1154, 1185-86 (Ala. Crim. App. 2017) ("The right to counsel does not extend to postconviction proceedings."), and Hamm v. State, 913 So.2d 460, 473 (Ala. Crim. App. 2002) (holding that Rule 32 petitioner had no right to counsel in Rule 32 proceedings). Indeed, the United States Supreme Court has held that states are not constitutionally required to provide an avenue for postconviction review of a conviction and sentence, much less to provide counsel during such proceedings.
"Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. See Fay v. Noia, 372 U.S. 391, 423-424, 83 S.Ct. 822, 841, 9 L.Ed.2d 837 (1963). It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, cf. United States v. MacCollom, 426 U.S. 317, 323, 96 S.Ct. 2086, 2090-2091, 48 L.Ed.2d 666 (1976) (plurality opinion), and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well."
Pennsylvania v. Finley, 481 U.S. 551, 556-57, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).
" Pennsylvania v. Finley should apply no differently in capital cases than in noncapital cases. State collateral proceedings are not constitutionally required as an adjunct to the state criminal proceedings and serve a different and more limited purpose than either the trial or *302 appeal. The additional safeguards imposed by the Eighth Amendment at the trial stage of a capital case are, we think, sufficient to assure the reliability of the process by which the death penalty is imposed. We therefore decline to read either the Eighth Amendment or the Due Process Clause to require yet another distinction between the rights of capital case defendants and those in noncapital cases."
Murray v. Giarratano, 492 U.S. 1, 10, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989) (footnote omitted).
Riley's reliance on Montgomery and Martinez is misplaced. In Montgomery, the United States Supreme Court held that its previous decision in Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), prohibiting a mandatory sentence of life imprisonment without the possibility of parole for juvenile offenders, "announced a substantive rule of constitutional law" and was retroactive on collateral review. 577 U.S. at ----, 136 S.Ct. at 736. Montgomery did not speak to the issue whether states are required to provide an avenue for postconviction review of a conviction and sentence and certainly did not, as Riley argues, "require[ ] state courts to provide a meaningful forum to litigate violations of the federal constitution." (Riley's brief, p. 75.) Moreover, Martinez does not apply to Rule 32 proceedings:
"In Martinez, the United States Supreme Court held that '[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceedings, there was no counsel or counsel in that proceeding was ineffective.' [566] U.S. at [17], 132 S.Ct. at 1320. In other words, if Rule 32 counsel is ineffective in representing a petitioner in the petitioner's first Rule 32 proceeding, the petitioner may use that ineffectiveness to avoid procedural default when filing a petition for a writ of habeas corpus in federal court. Thus, Martinez applies only to federal habeas corpus petitions; it does not apply to Rule 32 proceedings."
Van Pelt v. State, 202 So.3d 707, 718 (Ala. Crim. App. 2015).
Because Riley was not entitled to counsel in the Rule 32 proceedings, he was necessarily not entitled to the effective assistance of counsel. The fact that Riley's Rule 32 counsel may have been ineffective during the Rule 32 proceedings may allow him to avoid procedural default when he files a petition for a writ of habeas corpus in federal court, but it does not entitle him to restart the Rule 32 proceedings with pro bono counsel after the circuit court had conducted an evidentiary hearing on his petition.
For the reasons stated above, we find no error on the part of the circuit court in denying Riley's petition without first allowing pro bono counsel an opportunity to investigate the case and to file a second amended petition and without conducting a second evidentiary hearing.
III.
Riley also contends that the circuit court erred in "dispos[ing] of all claims summarily under Rule 32.7(d)" on the ground "that his pleadings did not warrant an evidentiary hearing," because, he says, he "sufficiently pleaded his claims and is, therefore, entitled to an evidentiary hearing under Rule 32.9." (Issue II in Riley's brief, p. 14.) Riley then reasserts in his brief on appeal each of the ineffective-assistance-of-counsel claims raised in his petition.
*303 As already explained in Part II.A. of this opinion, contrary to Riley's belief, the circuit court did not summarily dismiss his claims of ineffective assistance of counsel without an evidentiary hearing on the ground that they were insufficiently pleaded. The circuit court conducted an evidentiary hearing on Riley's petition during which Riley had the opportunity to present evidence to support his claims. The circuit court's action in conducting an evidentiary hearing, in and of itself, establishes that the circuit court found that Riley's claims were sufficiently pleaded and raised material issues of law or fact. See, e.g., Ex parte McCall, 30 So.3d 400, 404 (Ala. 2008) ("By holding that hearing, the circuit court implicitly found that the issues presented were 'material issue[s] of law or fact."). Moreover, after the hearing, the circuit court issued an order denying each of Riley's claims on the grounds that they were meritless, that Riley had failed to prove the claims, and/or that Riley had abandoned the claims at the evidentiary hearing by failing to present evidence. Because the circuit court did not summarily dismiss Riley's petition without an evidentiary hearing on the ground that his claims were not sufficiently pleaded, Riley's argument that all of his claims were sufficiently pleaded and entitled him to an evidentiary hearing is moot.
We point out that Riley does not argue in his brief on appeal that the circuit court erred in finding that his claims were meritless, that he had failed to prove his claims, and/or that he had abandoned his claims at the evidentiary hearing. Because Riley makes no argument on appeal regarding the circuit court's actual findings regarding his claims, it is unnecessary for this Court to address the propriety of those findings.
IV.
Finally, Riley contends that the circuit court erred in denying his claims that the cumulative effect of his trial counsel's errors prejudiced him during both the guilt phase and the penalty phase of his trial. (Issue III in Riley's brief.)
In its order, the circuit court rejected Riley's claims of cumulative effect on two grounds: (1) that Alabama does not recognize cumulative error in the context of ineffective-assistance-of-counsel claims, and (2) that because Riley had failed to prove any of his claims of ineffective assistance of counsel "there is no cumulative effect to consider." (C. 238; see also C. 245.) Riley argues that the circuit court's first finding is erroneous because, he says, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "requires courts to review prejudice cumulatively." (Riley's brief, p. 71.) Riley argues that the circuit court's second finding is erroneous because, he says, the circuit court "cannot rule on the ultimate merits of [his] cumulative-prejudice claims" without first affording him an evidentiary hearing at which he is permitted to present evidence proving cumulative prejudice. Riley's arguments are meritless.
The circuit court was correct that "Alabama does not recognize a 'cumulative effect' analysis for ineffective-assistance-of-counsel claims." Carruth v. State, 165 So.3d 627, 651 (Ala. Crim. App. 2014). "We can find no case where Alabama appellate courts have applied the cumulative-effect analysis to claims of ineffective assistance of counsel." Brooks v. State, 929 So.2d 491, 514 (Ala. Crim. App. 2005).
Moreover, even if cumulative error applies to claims of ineffective assistance of counsel, "[t]he correct rule is that, while, under the facts of a particular case, no single error among multiple errors may be sufficiently prejudicial to require reversal under Rule 45, [Ala. R. App. P.,] if the *304 accumulated errors have 'probably injuriously affected substantial rights of the parties,' then the cumulative effect of the errors may require reversal." Ex parte Woods, 789 So.2d 941, 942-43 n.1 (Ala. 2001) (emphasis added). We again reiterate that the circuit court did not, as Riley argues, summarily dismiss his claims of ineffective assistance of counsel on the ground that they were insufficiently pleaded. Rather, as already noted, the circuit court conducted an evidentiary hearing, during which Riley was, in fact, afforded an opportunity to prove his claims of ineffective assistance of counsel, including his claims of cumulative error, and the court then found that Riley had failed to prove his claims, had abandoned his claims, and/or that his claims were meritless. Because the circuit court found that Riley had failed to prove that counsel had committed any errors at all, much less multiple errors, the circuit court correctly found that there can be no cumulative error.
Therefore, the circuit court properly denied Riley's claims that the cumulative effect of his trial counsel's errors prejudiced him during both the guilt phase and the penalty phase of his trial.
V.
Based on the foregoing, the judgment of the circuit court denying Riley's Rule 32 petition is affirmed.
AFFIRMED.
Windom, P.J., and Welch, Burke, and Joiner, JJ., concur.

The jury's penalty-phase verdict is no longer a recommendation. Sections 13A-5-45, 13A-5-46, and 13A-5-47 were amended by Act No. 2017-131, Ala. Acts 2017, to place the final sentencing decision in the hands of the jury.

The time for filing a Rule 32 petition in a case in which the death penalty has been imposed was amended by Act No. 2017-417, Ala. Acts 2017. However, that Act does not apply retroactively to Riley. See § 3, Act No. 2017-417, Ala. Acts 2017.

The amended petition superseded the original petition. See, e.g., Reeves v. State, 226 So.3d 711, 722 (Ala. Crim. App. 2016) ; and Smith v. State, 160 So.3d 40, 47-49 (Ala. Crim. App. 2010). All further references in this opinion to Riley's petition shall be considered references to the amended petition.

We note that the State filed a response to the motion to reconsider, arguing that it was untimely, having been filed more than 30 days after the circuit court's October 13, 2016, order denying Riley's petition. See Loggins v. State, 910 So.2d 146, 148-49 (Ala. Crim. App. 2005) (a circuit court retains jurisdiction to modify a judgment in Rule 32 proceedings for only 30 days after the judgment is entered). However, as Rule 32 counsel noted in a reply to the State's response, the 30th day after the circuit court's October 13, 2016, order was Saturday, November 12, 2016. Therefore, pursuant to Rule 1.3(a), Ala. R. Crim. P., the motion was timely filed on Monday, November 14, 2016.

In fact, in this case, the judge who presided over the Rule 32 proceedings was the same judge who had presided over Riley's trial.

We note that the erroneous citations are contained only in the State's proposed order, which the circuit court attached to its order and adopted by reference.

Ex parte Jenkins overruled McWilliams only to the extent that McWilliams"applied the relation-back doctrine to proceedings governed by Rule 32, Ala. R. Crim. P." 972 So.2d at 165. Ex parte Jenkins did not overrule that portion of McWilliams holding that it is not error for a circuit court to deny a motion to amend filed after an evidentiary hearing has been conducted.