MOORE, Judge.
Willie L. Green appeals from a summary judgment entered by the Mobile Circuit Court (“the trial court”) in favor of Consumer Mortgage, Inc. (“CMI”), on CMI’s claims against Green seeking the possession of certain real property and damages for Green’s wrongful retention of the subject real property. ' We fevérsé.

Procedural History

On June 26, 2013, CMI filed a complaint against Green, asserting, among other things, that CMI had conveyed certain real property situated in Bay Ridge Estates in Mobile (“the property”) by a vendor’s lien deed to Green; that, by virtue of a May 17, 2013, foreclosure of that vendor’s lien deed, CMI was the owner of the property; that CMI had served a written demand for possession of the property on Green; that Green had lost his fight to redeem the property; and that Green had failed and refused to vacate the property despite CMI’s demand that he do so. CMI sought possession of the property, money damages - for the wrongful retention of the property by Green, an order stating that Green had forfeited his right to redeem the property, and a judgment against Green for the deficiency owed on the loan secured by the vendor’s lien following the collection, of $72,000 at the foreclosure sale.
Green filed an answer to the complaint on August 8, 2013, asserting that CMI was without legal title to the property “due to defective notice, defective sale, and wrongful foreclosure,” which, he claimed, made the foreclosure sale and foreclosure deed void. Green further asserted that the parties had signed an arbitration agreement and that the dispute was due to be arbitrated. Green filed an amended answer on August 23, 2013, asserting, among other things that CMI did not have- standing because, he alleged,: CMI had never owned or sold the property or provided proceeds secured by a mortgage on the property. On June 12, 2014, Green filed a motion to rescind the foreclosure sale and, pursuant to Rule 12(b)(6), Ala. R. Civ. P., to dismiss the foreclosure- action filed by CMI.
On June 13, 2014, CMI' filed a motion to amend the complaint to add John W. Hall, the president and principal stockholder of CMI, as a plaintiff; the trial court granted that motion' on June 20, 2014. In its motion to amend the complaint, CMI asserted that Hall was a necessary party because an assignment of the vendor’s lien signed by Hall (but which lists CMI as the grant- or) to CMI had not been recorded and because the vendor’s lien had been foreclosed, in a second foreclosure proceeding, in Hall’s name. In the amended complaint, CMI and Hall asserted, among other things, that Hall was the owner of the property following the second foreclosure *249 of the vendor’s lien and that Green had refused to vacate the property following a written demand for possession. CMI and Hall attached to the amended complaint a notice sent to Green on April 17, 2014, indicating that earlier foreclosure attempts of the vendor’s lien — namely, CMI’s May 2013 foreclosure alleged in its original complaint — had been problematic and informing him that Hall was reinitiating foreclosure proceedings and a subsequent notice sent to Green on May 22, 2014, informing Green' that the property had been purchased at a foreclosure sale by Hall and requesting that Green vacate the property. On September 19, 2014, CMI and Hall filed a response to Green’s Rule 12(b)(6) motion, attaching thereto a copy of the vendor’s lien deed; a' copy of an April 23, 2013, letter from CMI’s counsel to Green informing Green that, based on. his continuing default in the repayment of the vendor’s lien, the amount of his indebtedness had been accelerated; that CMI was going to foreclose on the property; and that the date of the scheduled foreclosure sale was May 17, 2013; and a copy of the foreclosure deed issued to CMI.
On February 12, 2015, CMI filed a motion for a summary judgment. Among other things, CMI attached to that motion Hall’s affidavit, in which Hall stated that he had sold the property to Green pursuant to the véndor’s lien deed. Green filed a response in opposition to • CMI’s summary-judgment motion on February 26, 2015. On March 4, 2015, Green filed a motion to compel arbitration; the trial court entered an order denying that motion on March 6, 2015.
On March 5, 2015, the trial court entered an order granting CMI’s motion, for a summary judgment. On that same date, the trial court entered an order awarding possession of the property to CMI and directing the trial-court clerk to issue a writ of possession in favor of CMI for the immediate possession of the property and directing the Mobile County sheriff to restore possession of the property to CMI. Also on .March 5, 2015, Hall filed an affidavit in support of CMI’s damages. Green filed a motion, asking the trial court to “reconsider” the summary judgment it had entered in favor of CMI; that motion was denied on March 6, 2015. Green filed a motion for a stay and to set a-bond amount for appeal on March 12, 2015. CMI filed a response to Green’s motion on March 20, 2015. On March 20, 2015, the trial court entered an order awarding CMI damages in the amount of $28,000 for the deficiency owed on the loan, .with interest, following the collection of $72,000 at the foreclosure sale. Green filed Ris notice of appeal to this court on April 7, 2015. The trial court entered an order on April 10, 2015, granting Green’s motion for a stay upon Green’s posting a supersedeas bond in the amount of $125,000.
On August 4, 2015, this court, having concluded that the. claims asserted by Hall against Green had not been disposed of by the March 5 and 20, 2015, orders, remanded the case to the trial court to consider whether to certify its. March 20, 2015, order as a final judgment, pursuant to Rule 54(b), Ala. R. Civ. P. On August 20, 2015, Green filed á motion in this court, seeking to reinstate the appeal; he asserted-in that motion that, on August 13, 2015, Hall had filed a motion to dismiss the amended complaint and to allow the case to proceed only on the claims of CMI and that the trial court' had granted that motion. Green attached to his motion a copy of Hall’s motion to dismiss and the trial court’s August 13, 2015, order granting Hall’s motion and disniissing the amended complaint. Accordingly, the judgment in favor of CMI on its claims against Green is before us on review.

*250
Facts

Hall stated in his affidavit filed in support of CMI’s summary-judgment motion that he had rented the property to Green in January 2005 and that, in January 2006, he had sold the property to Green pursuant to a vendor’s lien deed. On January 17, 2006, the vendor’s lien deed to the property was issued in favor of Green. Green signed the vendor’s lien deed and is identified in the deed as the grantee; Hall signed the vendor’s lien deed, but CMI is identified in the deed as the grantor. CMI, as the grantor, reserved to itself in the deed a vendor’s lien in the amount of $75,000 for satisfaction of the unpaid balance of the purchase price. The vendor’s lien deed included conditions in case of Green’s default in the payment of the vendor’s lien, including the power of sale. According to Hall’s affidavit, for the first two years Green made all the payments owed under the vendor’s lien on time; however, Hall averred that, beginning in December 2007, Green began missing payments and sending “NSF”[1] payments and that, in 2011, Green stopped making payments entirely. According to Hall’s affidavit, Green had last made a payment in September 2011, which, Hall stated, “was made for the payment then due, on July 1, 2011.”
In a letter dated April 23, 2013, from CMI’s counsel to Green, Green was informed that, based on his continuing default in the repayment of the vendor’s lien, the amount of his indebtedness had been accelerated, that CMI was going to foreclose on the property, and that the date of the scheduled foreclosure sale was May 17, 2013. At the foreclosure sale, CMI was the highest bidder, and, following the payment of $72,000, a foreclosure deed was executed in favor of CMI on May 30, 2013.
In a letter dated April 17, 2014, from CMI’s counsel to Green, Green was informed that there had been a problem .with the previous foreclosure because a check of the title to the property had not revealed a $20,000 tax lien asserted on behalf of the Internal Revenue Service and because an assignment of the vendor’s lien deed from Hall to CMI had not been recorded, although it had been executed, and that Hall had begun the process of foreclosure anew due to Green’s continuing default in the repayment of the indebtedness. The letter also informed Green that a foreclosure sale was scheduled for May 14, 2014.
In a letter dated May 22, 2014, from CMI’s counsel to Green, Green was informed that the vendor’s lien had been foreclosed on May 21, 2014, that Hall had purchased the property at the foreclosure sale, and that Hall was demanding that Green surrender possession of the property within 10 days of his receipt of the letter. Attached to the letter was a copy of the foreclosure deed, dated May 21, 2014, indicating that Hall had purchased the property for the sum of $72,000 at the foreclosure sale.

Standard of Review

The standard by which this court reviews a summary judgment is well settled:
“This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). *251 In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a- prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala. Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer, the existence of the fact sought to be proved.’. West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).”
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).

Analysis

Green argues on appeal that thé trial court did not have subject-matter jurisdiction because CMI lacked standing to bring the action. Specifically, Green asserts that CMI lacked standing to bring the action because it did not prove that it had an actual possessory or pecuniary interest in the property. Although we' note that Green’s assertion that CMI lacked “standing” is without merit, see Berry v. Deutsche Bank National Trust Co., 57 So.3d 142, 149-50 (Ala.Civ.App.2010), Green’s assertion that CMI’s foreclosure was invalid because CMI did not have an interest in the property, which was raised by Green in his amended answer and was supported by an affidavit that had been executed and submitted by Hall in a separate federal-court proceeding, is a.properly asserted affirmative defense to CMI’s ejectment claim and creates a genuine issue of material fact such that summary judgment was improper in this case. See Berry, supra.
In support of its summary-judgment motion, CMI attached a number of exhibits, including documents from an action in the United States District Court for the Southern District of Alabama, which reveal that Green had sued CMI in that court and that that lawsuit .had resulted in a dismissal; Green appealed that dismissal, and that appeal was denied by the United States Court of Appeals for the Eleventh Circuit based on a finding that Green’s .appeal was frivolous. In his amended answer in this case, Gree.n argued, among other things, that CMI did not have, standing to bring the ejectment action because, he asserted, Hall had stated in his affidavit 'filed in the federal-court proceeding that “[CMI] has never owned,- sold, nor provided mortgage proceeds on this property, nor served or been involved with this property, in any way.”
“In a statutory action in the nature of ejectment, a plaintiff may recover by showing title from a grantor in possession, ■ or superior title from a common source,' or by an unbroken chain of title from the government.” Ritchey v. Underwood, 479 So.2d 1223, 1224 (Ala.1985). In the present case, CMI sought to recover the- property, as well as damages, from Green by showing title to the property in the form of a foreclosure deed, which it had procured after initiating foreclosure proceedings pursuant to a power of sale in the vendor’s lien deed.- As Green points out in his brief on appeal, “the validity of a foreclosure turns not on whether the foreclosing party held the mortgage and the power of sale at the time of the initiation of the foreclosure process, but on whether it held the mortgage and the power of sale ‘at the time the power of sale is executed.’ ” Ex parte GMAC Mortg., LLC, 176 So.3d -845, 848 (Ala.2013). Thus, if CMI *252 held no interest in the property when it purported to deed the property to Green in the vendor’s lien deed, it could not have lawfully possessed the power of sale, derived solely from the terms of the vendor’s lien deed, at the time the foreclosure deed in CMI’s name was executed.
■On appeal, CMI argues that Hall’s affidavit from- the federal-court proceeding in which Hall asserted that CMI had held no interest in the property at any time was “clearly mistaken.”- CMI argues that, by attaching to its summary-judgment motion a copy of the original vendor’s lien deed identifying CMI as grantor and Green as grantee, Hall’-s affidavit stating that Green was in' default on the vendor’s lien, and a copy of the'foreclosure deed issued to it, CMI had established a prima facie case of its right to a judgment against Green, thereby--¡shifting thé burden -to Green to establish a -genuine issue of material fact precluding a summary judgment. We disagree.
In Braswell Wood Co. v. Fussell, 474 So.2d 67, 69-70 (Ala.1985), the defendant in that case, like Green, raised certain .defenses in its answer to the plaintiffs complaint. -The plaintiff, in turn, failed to offer any allegations to “negative” the defenses raised -in the defendant’s answer. Id. at 70. The plaintiff filed a motion for a summary judgment, and the ' defendant failed to offer, affidavits in opposition to the summary-judgment motion. Id. Our supreme court determined that
“the court, nevertheless had to consider
“ ‘any material that would be admissible at trial and all evidence of record as well as material submitted in support of or in opposition to the motion when ruling on [the] motion for summary judgment. Morris v. Morris, 366 So.2d 676 (Ala.1978). See also, 10 C. Wright & A. Miller, Federal Practice and Procedure, § 2721 (1973). [A]ll evidence of record, as well as that evidence formally submitted in support of or in opposition to a motion for summary judgment, should-be considered in ruling on the motion.’
“Fountain v. Phillips, 404 So.2d 614, 618 (Ala.1981). Accord Speigle v. Lott, 423 So.2d 163 (Ala.1982).
“In addition, the following quotation taken from C. Wright, Handbook of the Law of Federal Courts, § 99 at 664 (4th ed.1983), .is apropos:
“ ‘The motion lies whenever there is no genuine issue as to any material fact. It follows that a formal denial in an answer should not necessarily defeat such a motion as otherwise the rule could be rendered nugatory at will. To take a simple example, in an action [on] a promissory'note, the defendant in his answer denies the making of the note. Plaintiff moves for summary judgment, accompanying his motion with an affidavit of a person .who swears that he saw the defendant sign the note. If the defendant does , not file an opposing affidavit, raising a genuine issue as to this fact, summary judgment should be rendered for plaintiff.’. (Emphasis added.)”
Id. Our. supreme court determined in Braswell Wood that, because the plaintiff in that case had offered nothing to contradict the defenses raised by the defendant in its answer, summary judgment was improper if entered simply because the defendant had rested on its pleadings. 474 So.2d at 71.
In the present case, Green raised as' an affirmative defense the argument that, according to Hall’s affidavit submitted to the federal district court, which Green had attached to his amended answer, CMI had never had any interest in the property- at issue. CMI -and Hall *253 failed to respond to that allegation, by-affidavit or otherwise, at any time before or after the trial court entered a summary judgment in favor of CMI. Although CMI argues on appeal that Hall’s statements in the affidavit filed in federal court were “clearly mistaken,” CMI failed' to file a corrective affidavit from Hall or other attachments to its summary-judgment motion indicating that Hall was mistaken in his earlier affidavit or that CMI did, in fact, possess an interest in the property. Indeed, Hall’s affidavit that was attached to the summary-judgment motion indicates that Hall, not CMI, had sold the property to Green. Thus, like in Braswell Wood, because CMI failed to address the affirmative defense raised in Green’s amended answer, CMI never made a prima facie showing that there was no genuine issue of material fact and the burden never shifted to Green to produce any further evidence in support of his assertion that CMI had no interest in the property. We conclude, therefore, that, because a genuine issue of material, fact remains as to whether CMI was entitled to prevail on its claim of ejectment and to an award of damages, the trial court erred in entering a summary judgment in favor of CMI. We, therefore, reverse the summary judgment in favor of CMI and remand the cause to the trial court for further proceedings consistent with this opinion. Because the remaining arguments on appeal by Green are obviated by this court’s reversal, we decline to address those arguments.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. We infer that ''NSF” refers to nonsufficient funds.