Rel: February 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0507

_____

**Jennifer Alonso and Irasema Ramos Encinas**

**v.**

**Alpha Phi International, Inc.**

**Appeal from Tuscaloosa Circuit Court
(CV-23-160)**

LEWIS, Judge.

Jennifer Alonso and her mother Irasema Ramos Encinas appeal from a judgment entered by the Tuscaloosa Circuit Court ("the circuit court") granting a summary judgment in favor of Alpha Phi International, Inc. ("Alpha Phi"), on its breach-of-contract claim. Alonso

and Encinas also challenge the judgment to the extent that it granted Alpha Phi's motion to strike Alonso and Encinas's amended answer, counterclaim, and third-party complaint. We affirm the circuit court's judgment in part and reverse it in part.

## Procedural History

On August 30, 2023, Alpha Phi filed a complaint in the Tuscaloosa District Court ("the district court") against Alonso and Encinas alleging, in pertinent part:

> "2. On or about February 22, 202[2], … Alonso entered into a Membership Agreement with the Beta Mu Chapter of Alpha Phi International, Inc., whereby she agreed to [pay] various membership dues and fees to the Beta Mu Chapter of Alpha Phi International, Inc.[,] at the University of Alabama in Tuscaloosa County, Alabama[,] for four (4) years or until she reached her ninth (9th) semester of College.
>
> "3. On or about February 22, 202[2], … Alonso also entered into an Individual Member Housing Agreement (hereinafter 'Housing Agreement') with the Beta Mu Chapter of Alpha Phi International Inc., whereby she agreed to pay $9,300.00 in periodic payments for various housing, meals, and membership dues and fees for housing in the Beta Mu Chapter house for the 2022-2023 school year.
>
> "4. … Alonso defaulted on the Contracts by failing to make the agreed monthly installment payments despite several demands to do so. After allowing for all just credits, there remains due and owing principal and late fees in the amount of $7,344.35.

"5. Pursuant to the terms of the Contracts, [Alonso] agreed to be liable for all costs of collection, including court costs and attorney's fees which said fees were calculated to be $1,836.08.

"....

"WHEREFORE PREMISES CONSIDERED, ... Alpha Phi ... demands judgment against ... Alonso for the sum of $9,180.43 plus costs and interest. [Alpha Phi] further prays such other relief as may be appropriate.

"....

"9. On or about February 22, 2022, ... Encinas ... co-signed the Membership Agreement with the Beta Mu Chapter of Alpha Phi International, Inc.[,] whereby she agreed to be responsible for various membership dues, fees, and housing to the Beta Mu Chapter of Alpha Phi International, Inc.[,] at the University of Alabama in Tuscaloosa County, Alabama[,] for four (4) years or until ... Alonso reached her ninth (9th) semester of College.

"10. On or about February 22, 2022, ... Encinas ... executed the Beta Mu Chapter of Alpha Phi 2022-2023 Housing Agreement Guaranty, whereby she agreed to be jointly and severally liable for payment of all of [Alonso's] financial obligations due under the Housing Agreement.

"....

"WHEREFORE PREMISES CONSIDERED, ... Alpha Phi ... demands judgment against ... Encinas ... for the sum of $9,180.43 plus costs and interest. [Alpha Phi] further prays such other relief as may be appropriate."

(Bold typeface omitted) (Capitalization in original). Alpha Phi attached to its complaint an affidavit supporting its allegations, as well as the Membership Agreement, the Individual Member Housing Agreement ("the Housing Agreement"), and the Beta Mu Chapter of Alpha Phi 2022-2023 Housing Agreement Guaranty.

After the matter was removed to the circuit court pursuant to § 12-12-37, Ala. Code 1975, Alonso and Encinas filed an answer to Alpha Phi's complaint. Their answer asserted that Alpha Phi's claims were barred by its own breach of contract, by the unconscionability of the contract, by "the doctrines of waiver and/or estoppel," and by "provisions of the Alabama Uniform Landlord & Tenant Act." On January 25, 2024, Alonso and Encinas each filed an affidavit of substantial hardship requesting a waiver of the prepayment of the docket fee. The circuit court denied both requests.

On February 20, 2024, Alpha Phi filed a motion for a summary judgment. Alpha Phi attached two supporting affidavits to its motion.

On February 22, 2024, Alonso and Encinas filed an amended answer, as well as a counterclaim and third-party complaint. The amended answer asserted additional defenses based on 42 U.S.C. § 1981

4

and § 3601 et seq., which they referred to as "affirmative defenses." The

"counterclaim and third-party complaint" alleged, in pertinent part:

"10. … Alonso complied with the Housing Agreement requirements, such as the payment schedule and the individual responsibilities listed in paragraph 10 of the Housing Agreement.

"11. Less than three weeks after moving in, on August 18, 2022, … Alonso was informed by Allison Floyd, the Beta Mu House Chapter Advisor[,] that the chapter submitted a request for her termination from the sorority.

"12. On August 19, 2022, … Alonso received a letter from Alpha Phi that she would have until August 26, 2022, to vacate the sorority house and remove all her personal belongings.

"13. On August 21, 2022, … Alonso received a threatening e-mail from Alpha Phi reiterating that she was recommended for termination from the sorority and demanding that she pay any remaining balance on her account to avoid fees or having her account turned over to a collection agency.

"14. The cited reason for her termination was 'alleged failure to comply with college or Fraternity rules, regulations, or standards' because the chapter was made aware of an alleged incident.

"15. The alleged incident giving rise to … Alonso's termination occurred prior to her invitation to join the sorority.

"16. The alleged incident giving rise to … Alonso's termination was and remains sealed under Alabama law.

"17. ... Alonso should have received the presumption of innocence from Alpha Phi until proven guilty, which she was not afforded with a lack of notice or opportunity to be heard.

"II. [Beta Mu House Corporation of Alpha Phi International Fraternity, Inc. ('Beta Mu House')] and Alpha Phi Did Not Provide ... Alonso with the Opportunity to be Heard.

"18. Upon information and belief, the Beta Mu House and Alpha Phi's policies and procedures are available to members through their membership portals.

"19. Upon information and belief, the Beta Mu House and Alpha Phi's policies and procedures allow members the opportunity to be heard by the sorority's judicial board prior to termination of membership.

"20. ... Alonso was not allowed the opportunity to be heard by the sorority's judicial board prior to the termination of her membership.

"21. In fact, in response to ... Alonso's August 19, 2022, request for a meeting to discuss her termination, she was informed on August 20, 2022, by Allison Floyd that no discussion would change her termination and that she would instead have the option to appeal.

"22. On August 21, 2022, the Beta Mu House and Alpha Phi informed ... Alonso that her membership was terminated, referencing 'Alpha Phi's Policies & Procedures' for the process of return of membership items and to view the outline of the appeals process.

"23. The Beta Mu House and Alpha Phi revoked ... Alonso's access to her membership portal once her membership was terminated.

"24. The Beta Mu House and Alpha Phi did not provide … Alonso access to its policies and procedures once her membership was terminated.

"25. … Alonso would not be able to appeal until the termination was already complete.

"….

"30. Upon information and belief, the Beta Mu House and Alpha Phi filled … Alonso's vacancy for the following semester after her membership was terminated.

"31. Alpha Phi has filed suit against … Alonso and [Encinas] for an amount including the full value of the membership and housing fees for the 2021-2022 school year.

"….

"33. Following her termination from the Beta Mu House and Alpha Phi, … Alonso was embarrassed and shunned by remaining members of the sorority."

Alonso and Encinas asserted several counterclaims against Alpha Phi and Beta Mu House Corporation of Alpha Phi International Fraternity, Inc. ("Beta Mu House"), specifically: (1) breach of contract for the wrongful termination of Alonso's membership in the sorority based on conduct the sorority could have discovered before accepting her; (2) unlawful ouster for the termination of Alonso's membership without a hearing, in violation of the organization's own policies; and (3) intentional infliction of emotional distress for continuing to reference the

7

organization's policies and procedures after terminating Alonso's access to the online portal where those policies and procedures were located, terminating her membership without a hearing only three weeks after she moved in, and demanding payment for the full contract term despite filling the vacancy. Alonso and Encinas's third-party complaint against Waldrop & Associates, P.C. ("Waldrop"), alleged that Waldrop had, "through its agents, violated the Fair Debt Collection Practices Act while trying to collect an alleged debt from … Alonso" by knowingly contacting Alonso while she was represented by counsel.

On February 22, 2024, Alpha Phi filed a motion to strike Alonso and Encinas's amended answer, counterclaim, and third-party complaint on the basis that Alonso and Encinas had waived their two new defenses and the claims against Alpha Phi, Beta Mu House, and Waldrop by not including them in their initial answer. Alpha Phi also argued that the claims asserted in the counterclaim did not comply with Rule 8(a), Ala. R. Civ. P., and that Alonso and Encinas were attempting to improperly bring Beta Mu House and Waldrop into the matter as third-party defendants without obtaining leave of court to do so and because the claims against Beta Mu House and Waldrop were unrelated to Alpha

Phi's claims against Alonso and Encinas. On February 29, 2024, the circuit court set Alpha Phi's motion for a summary judgment and motion to strike for a hearing to take place on April 29, 2024.

On April 22, 2024, Alonso and Encinas filed a "motion for joinder and leave to serve third-party defendants with the third-party complaint." On the same day, Alonso and Encinas filed a brief opposing Alpha Phi's motion to strike.

On April 25, 2024, Alonso and Encinas filed a response in opposition to Alpha Phi's summary-judgment motion. Alonso and Encinas attached to their response an affidavit executed by Alonso and emails that Alonso had exchanged with the chapter advisor of Beta Mu. On April 29, 2024, Alpha Phi filed a motion to strike Alonso and Encinas's brief opposing summary judgment.

On May 17, 2024, after the April 29, 2024, hearing, the circuit court entered a final judgment that stated:

> "This matter came before the Court for hearing on April 29, 2024, on [Alpha Phi]'s Motion to Strike [Alonso and Encinas's] Amended Answer, Counterclaim, and Third-Party Complaint and on [Alpha Phi]'s Motion for Summary Judgment. … After hearing the evidence and reviewing the pleadings in the matter the Court finds that [Alpha Phi's] Motions are hereby GRANTED.

"It is, therefore, ORDERED, ADJUDGED, and DECREED that [Alonso and Encinas's] Amended Answer, Counterclaim, and Third-Party Complaint filed on February 22, 2024, is hereby STRICKEN in its entirety from the Court record pursuant to Ala. R. Civ. P. 12(f). [Alonso and Encinas's] Motion for Joinder and Leave to Serve Third-Party Defendants with the Third-Party Complaint filed on April 22, 2024[,] is hereby DENIED. The Clerk of the Court is ORDERED to remove the Third-Party Defendants, Beta Mu [House] … and Waldrop … from the Court record.

"It is further ORDERED, ADJUDGED, and DECREED that [Alpha Phi]'s Motion for Summary Judgment filed on February 20, 2024, is hereby GRANTED as the Court finds there is no genuine issue as to any material fact and [Alpha Phi] is entitled to judgment as a matter of law pursuant to Ala. R. Civ. P. 56. Judgment is hereby entered against … Alonso and … Encinas … in favor of … Alpha Phi … in the amount of $9,180.43 plus costs and interest, upon which execution may issue."

(Capitalization in original.)

Alonso and Encinas timely filed a notice of appeal to this court on June 26, 2024.[1] They also filed affidavits of substantial hardship requesting a waiver of the docket fee, which the circuit court granted.

---

[1]Alonso and Encinas's notice of appeal was stamped by the circuit-court clerk as electronically filed on June 26, 2024, and the State Judicial Information System case-action summary indicates that it was filed on June 26, 2024. However, the notice of appeal is dated June 24, 2024, and the corresponding docketing statement states that the notice of appeal was filed on June 25, 2024. We need not determine the actual date on which the notice of appeal was filed, however, because it would be timely

10

Discussion

I.

Alonso and Encinas argue that the circuit court erred in entering a summary judgment in favor of Alpha Phi because, they contend, there were genuine issues of material fact and the doctrines of unconscionability and estoppel precluded Alpha Phi's recovery.

Our supreme court has stated:

"[A] trial court should not grant a summary judgment, and an appellate court will not affirm one, on the basis of an absence of substantial evidence to support an essential element of a claim or affirmative defense unless the motion for a summary

_____

if it were filed on any of those three dates.  See, e.g., W.N. v. Cullman Cnty. Dep't of Hum. Res., 282 So. 3d 870, 878 n.7 (Ala. Civ. App. 2019) (declining to discern which of two dates the notice of appeal was filed on because it would be timely either way).

We further note that Alonso and Encinas filed an amended notice of appeal on July 12, 2024, "to reflect that no transcript will be ordered." That amended notice was filed outside of the time to appeal.  However, the untimeliness of that amended notice has no effect on this appeal because the initial notice invoking the jurisdiction of this court was timely.  See id. at 879 n.8 (holding that, despite the appellant's untimely filing of an amended notice of appeal, this court had jurisdiction to consider the appeal because the original notice was timely filed and the "amendment was not necessary"); see also Ex parte Taylor, 157 So. 3d 122, 128 (Ala. 2008) ("[T]he only jurisdictional requirement for a notice of appeal is that the notice be timely filed and … absent a showing that the alleged defect in the notice of appeal prejudiced the adverse party, an appeal will not be dismissed on the basis of the defect."); see Dunning v. New England Life Ins. Co., 890 So. 2d 92 (Ala. 2003).

judgment has properly raised that absence of evidence and has thereby shifted to the nonmoving party the burden of producing substantial supporting evidence."

Hollis v. City of Brighton, 885 So. 2d 135, 140 (Ala. 2004). In Green v. Consumer Mortgage, Inc., 194 So. 3d 247, 253 (Ala. Civ. App. 2015), this court held that

"because [the plaintiff] failed to address the affirmative defense raised in [the defendant's] amended answer, [the plaintiff] never made a prima facie showing that there was no genuine issue of material fact and the burden never shifted to [the defendant] to produce any further evidence in support of his assertion that [the plaintiff] had no interest in the property. We conclude, therefore, that, because a genuine issue of material fact remains as to whether [the plaintiff] was entitled to prevail on its claim of ejectment and to an award of damages, the trial court erred in entering a summary judgment in favor of [the plaintiff]. We, therefore, reverse the summary judgment in favor of [the plaintiff] and remand the cause to the trial court for further proceedings consistent with this opinion.

In Green, this court relied on Braswell Wood Co. v. Fussell, 474 So. 2d 67, 69-71 (Ala. 1985): "Our supreme court determined in Braswell Wood that, because the plaintiff … had offered nothing to contradict the defenses raised by the defendant in its answer, summary judgment was improper if entered simply because the defendant had rested on its pleadings." Green, 194 So. 3d at 252. Notably, the affirmative defenses at issue in Braswell Wood were waiver and estoppel.

12

Alpha Phi's summary-judgment motion did not address Alonso and Encinas's affirmative defenses of unconscionability, estoppel, and waiver. Alpha Phi's motion argued that Alonso and Encinas defaulted on the Membership Agreement and specifically addressed the assertion in Alonso and Encinas's answer that Alpha Phi's claims were barred by provisions of the Alabama Uniform Landlord & Tenant Act. However, Alpha Phi did not argue that there was an absence of evidence with respect to the unconscionability, estoppel, or waiver defenses. Therefore, the burden did not shift to Alonso and Encinas to produce substantial evidence regarding those defenses. See Hollis, 885 So. 2d at 140. Because Alpha Phi did not meet its burden of showing an entitlement to a summary judgment, the circuit court's judgment is reversed to the extent that it granted a summary judgment.

## II.

Alonso and Encinas also argue that the circuit court erred in striking their amended answer, which contained two new defenses, as well as their counterclaim and third-party complaint.

> "The standard of review for analyzing the propriety of an order granting a motion to strike is similar to the standard of review for analyzing the propriety of a judgment granting a motion to dismiss -- i.e., the de novo standard of review

13

pursuant to which doubts are to be resolved in favor of the nonmoving party."

Deaton v. South Highland Child Dev. Ctr., Inc., [Ms. SC-2023-0484, June 7, 2024] ___ So. 3d ___, ___ (Ala. 2024).

With respect to Alonso and Encinas's claim against Waldrop, Alpha Phi's motion to strike argued that the claim should be stricken because it was not appropriate to be brought as a third-party claim under Rule 14(a), Ala. R. Civ. P.[2] Rule 14(a) allows a defendant to bring in a third party when the defendant alleges that the third-party is liable to the defendant "for all or part of the plaintiff's claim against the third-party plaintiff." Alonso and Encinas's claim against Waldrop is not a third-party claim as contemplated in Rule 14(a) because Alonso and Encinas do not assert that Waldrop is liable to them for Alpha Phi's breach-of-

---

[2]Alpha Phi also argued that the claim should be stricken because Alonso and Encinas did not seek leave of court to proceed against the third party before filing the complaint (as required by Rule 14(a), Ala. R. Civ. P., when more than 10 days have elapsed since the filing of the original answer). Because we conclude that the claim against Waldrop does not substantively align with the type of claim contemplated in Rule 14(a), and therefore that it cannot proceed under Rule 14(a), we need not determine whether Alonso and Encinas satisfied the procedural requirements of Rule 14(a) with respect to this claim.

contract claim against them. They assert a separate, new cause of action for which Waldrop is liable to them.

Moreover, the circuit court could not have treated the claim as a counterclaim properly brought under Rule 13(h), Ala. R. Civ. P., because it was not asserted against an existing party along with Waldrop. In interpreting Rule 13(h), Ala. R. Civ. P., our supreme court has adopted the following reasoning regarding Rule 13(h), Fed. R. Civ. P.:

> "It is well settled that Fed. R. Civ. P. 13(h) 'only authorizes the court to join additional persons in order to adjudicate a counterclaim or cross-claim that already is before the court or one that is being asserted at the same time the addition of a nonparty is sought.' FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994). 'This means that a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party.' Id. (emphasis added). See also Various Markets, Inc. v. Chase Manhattan Bank, N.A., 908 F. Supp. 459 (E.D. Mich. 1995); 6 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 1435, at 271 (1990) (under Rule 13(h), 'a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party')."

White Sands Grp., L.L.C. v. PRS II, LLC, 998 So. 2d 1042, 1056 (Ala. 2008).

Waldrop was not an existing party to the action, and the claim against Waldrop was entirely new and was asserted against Waldrop only. Therefore, that claim was not properly brought under Rule 13(h). Because the claim against Waldrop was not properly brought pursuant to the Alabama Rules of Civil Procedure, we affirm the circuit court's striking of that claim. See Walker v. North American Sav. Bank, 142 So. 3d 590, 600 n.5 (Ala. Civ. App. 2013) (stating that "[i]t is well established that an appellate court 'may affirm a trial court's judgment on "any valid legal ground"' supported by the record on appeal" (quoting General Motors Corp. v. Stokes Chevrolet, Inc., 885 So. 2d 119, 124 (Ala. 2003))).

With respect to the striking of the portions of the amended answer asserting new defenses and a counterclaim,[3] we note that Rule 15(a), Ala. R. Civ. P., provides:

---

[3]The claims against Beta Mu House are, in substance, counterclaims against Beta Mu House under Rules 13(h) and 20(a), Ala. R. Civ. P. See Century 21 Paramount Real Est., Inc. v. Hometown Realty, LLC, 34 So. 3d 658, 663 (Ala. 2009) (holding that "[t]he trial court should have permitted [the defendant] to bring these additional parties into the case under Rules 13(h) and 20(a), Ala. R. Civ. P.," even though they were impermissible under Rule 14(a)); Southern Sash Sales & Supply Co. v. Wiley, 631 So. 2d 968, 971 (Ala. 1994) (recognizing that pleadings should be construed according to their substance over their form).

"Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires."

Applying Rule 15(a), our supreme court has stated that, with respect to amendments sought more than forty-two (42) days before the first setting of the case for trial,

"a trial court has no discretion; it can deny a requested amendment only if there exists a 'valid ground' for the denial, such as 'actual prejudice or undue delay.' Ex parte GRE Ins. Group, 822 So. 2d [388, 390 (Ala. 2001)]. In other words, the burden is on the trial court to state a valid ground for its denial of a requested amendment."

---

Pursuant to Rule 13(h), Ala. R. Civ. P., "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20[, Ala. R. Civ. P.]"

Rule 20(a), Ala. R. Civ. P., states:

"All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

Each of the claims against Beta Mu House and Alpha Phi arise out of the same transaction or occurrence. Therefore, the claims against Beta Mu House were, in substance, counterclaims brought under Rule 13(h). See Century 21 Paramount Real Est., Inc., 34 So. 3d at 663.

Ex parte Liberty Nat'l Life Ins., 858 So. 2d 950, 953 (Ala. 2003); see also Starr v. Wilson, 11 So. 3d 846, 850 n.1 (Ala. Civ. App. 2008) (holding that, when the defendant sought to amend the answer to add a counterclaim before the trial had been scheduled, the amendment was allowed as of right pursuant to Rule 15(a), Ala. R. Civ. P., despite the provision in Rule 13(f), Ala. R. Civ. P., stating that an omitted counterclaim may be filed with leave of court). In this case, Alonso and Encinas filed their amendment on February 22, 2024, before the circuit court had set the case for any hearing. Therefore, the circuit court could only disallow the amendment if a valid ground existed. See Ex parte Liberty Nat'l Life Ins., 858 So. 2d at 953.

We note that the circuit court's judgment indicated that it received evidence at the hearing on the motion to strike and motion for a summary judgment. Although Alonso and Encinas indicated on their notice of appeal that they would order a copy of the transcript, no transcript appears in the record on appeal, and the amended notice of appeal that Alonso and Encinas filed out of time indicated that they would not order a transcript. Alonso and Encinas have not sought to supplement the

18

record with the transcript or to submit a statement of the evidence pursuant to Rule 10(d), Ala. R. App. P.

> "Alabama law is well settled that an 'appellant has the burden of ensuring that the record contains sufficient evidence to warrant reversal.' Newman v. State, 623 So. 2d 1171, 1172 (Ala. Civ. App. 1993). In addition, when a trial court's judgment is based on evidence that is not before the appellate court, we conclusively presume that the court's judgment is supported by the evidence. Id."

Townsquare Media Tuscaloosa License, LLC v. Moore, 374 So. 3d 705, 709 (Ala. Civ. App. 2022).

Because this court does not have the benefit of reviewing the evidence and arguments presented at the hearing on the motion to strike, we cannot conclude that the circuit court did not have a valid basis for granting that motion. Therefore, we will not reverse the circuit court's judgment to the extent that it struck Alonso and Encinas's amended answer, counterclaim, and third-party complaint.[4]

---

[4]Although we recognize that we have reversed the summary judgment despite the absence of the summary-judgment-hearing transcript, our reversal of the summary judgment is not based on an issue of fact. Rather, we have concluded, as a matter of law, that Alpha Phi's motion failed to shift the burden to Alonso and Encinas. See, e.g., Williams v. Hobson, 5 So. 3d 630, 633 (Ala. Civ. App. 2008) (holding that "'[a]n appellant is not required to include the trial transcript in the record on appeal when the transcript is not necessary to decide the issue

## Conclusion

Based on the foregoing, we affirm the circuit court's judgment insofar as it granted Alpha Phi's motion to strike, and we reverse the judgment insofar as it awarded summary judgment to Alpha Phi. We remand the cause for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Edwards, Hanson, and Fridy, JJ., concur.

Moore, P.J., concurs in the result, without opinion.

---

presented for review,' such as when the question presented 'is one of law, not fact.'" (quoting Douglass v. Allen, 574 So. 2d 39, 41 (Ala. Civ. App. 1990)).